Parker, J.
I am against arresting the judgment in this case, however my opinion might have been on a special demurrer and ‘cinder, where the parties are properly brought to a conflict on points of nicety.
I understand it to have been uniformly endeavored by courts to support declarations after verdict, if the words therein contain sufficient for that purpose. And indeed, where there may be some question on the literal sense of the words, the courts will give them such a reasonable construction (if they are capable of it) as will support the action after verdict.
The objection here is, that the assault and battery alleged in the declaration is laid with a continuando; which the objectors say *55 cannot be done in an action of this nature. Without undertaking to decide whether it can or not, I will only say that the declaration ought clearly to contain a continuando, to authorize us to arrest judgment. I see nothing in this declaration from which a continuando must necessarily be inferred. Indeed, the person who drew the declaration seems to have labored to give an idea of an incessant and continuous beating, the whole of which was one act, with only a change of instrument, lest the putting down the plank, and taking up the rope, should be construed into the very thing he meant to avoid. The word “ continuing ” does not necessarily imply the technical * sense of a. continuando. Indeed, the [ *53 J word is evidently in this case used inartificially.
“ There afterwards ” also may have its use in the sentence, without supposing that another time was intended to be expressed by it, It most probably was intended to show that the beating with a rope, though a part of the same outrage as the beating with a plank, was subsequent to it in order of time.
Upon these considerations, it being possible lo exclude the idea of a continuando from the declaration, without doing violence to any part of it, and a conslruction favorable to the verdict being to be gathered from the declaration itself, upon a reasonable use of the words, I am of opinion that the motion in arrest of judgment ought not to prevail.
Thatcher, J.
I doubt whether this objection would have been held good, even in the ancient times of extreme technical nicety, and although attempted on a special demurrer. Here, however, the defendant saw the declaration before he pleaded to it, and went to trial. If he would avail himself of this point, he ought to have done it at an earlier stage of the cause. But I apprehend the declaration to be good and sufficient, and am therefore against arresting ‘ the judgment.
Sedgwick, J.
There is no doubt that the principle of law is settled, that where there are several counts in a declaration, and one of them is materially defective or bad, and a general verdict is found ■upon them all, the judgment must be arrested. The question now to be determined is — Does this rule apply in the present case?(a)
The third count in the declaration, which gives rise to the present question, after stating the assault by the defendant, and the manner of confining the plaintiff for the purpose of beating him, alleges that he did beat him with a plank, and it then goes on in these words : “ And there afterwards the said Benjamin, continuing *56 his assault last aforesaid on the body of the said Benson, with force and arms, viz., with four parts of a two and a half inch rope, did beat,” &c. It is said that this is alleging an assault and battery with a continuando; that this count is for that reason ma- [ * 54 ] terially bad ; and that it may be taken advantage * of in arrest of judgment. I give no opinion whether this objection, if well founded, would prevail in this stage of the cause. Williams in a note on Saunders, (5) lays it down, without any qualification, that advantage cannot be taken of such an inaccuracy after verdict, although available on a demurrer, or after a default. But it may be doubted whether the case to which he refers, in Lord Raymond, (6) as the ground of his opinion, does support it. The Court will always support a verdict, if by any reasonable construction it can be done. Now, in this case, although it must be confessed that the words made use of in this count, “ there afterwards,” are usually inserted to disjoin allegations of material and issuable facts, yet in this case, on a careful perusal, it does appear to me that it may fairly be understood that the story intended to be to.d by the plaintiff is, that the defendant made an assault, and that, during the continuance of that assault, he beat the plaintiff, first with a plank, and then with a rope. The assault was the same ; but one assault is alleged ; the beating was a continued injury, and the instruments only different. This seems to me to be the reason able construction, and not that two distinct and independent in juries are intended to be charged. If this is correct, the objection of the defendant’s counsel is answered, and the judgment ought not to be arrested.
Dana, C. J.
I agree in opinion with my brethren. Unless this declaration can be shown to allege the trespass with a continuando in form, there is no ground for arresting the judgment. An action is said to be laid with a continuando when the injury is alleged to have been committed by continuation from one day to another, or at divers days' and times between such a day and such a day. It does not appear that the trespass in this case is so alleged as to be brought within the legal and technical import of a continuando. “ There afterwards continuing his said assault ” may be understood to imply nothing more than a continuance of the trespass, without intermission of time longer than was sufficient to change the instruments used; first beating the plaintiff with the plank, and after-wards with the rope ; he continuing, the whole time of the [ * 55 ] beating with * both the instruments, lashed over the cask; so that there never was a cessation of the first assault noi *57 of the beating. It is not necessary to decide the question which has been agitated at the bar, whether an assault and battery may be well laid with a continuando in any case, it appearing that it is not so laid in the count, to which the exception has been taken.(a)
Dexter and Selfridge for the plaintiff.
Parsons and Jackson for the defendant.

■Judgment according to verdict

 Kingsley vs. Bill, 9 Mass. Rep. 198. — Stevenson vs. Hayden, post, 406. — Barnard vs. Whiting & Al. 7 Mass. Rep. 358. — Nye vs. Otis, 8 Mass. Rep. 122. — Bames vs Hurd, 11 Mass. Rep. 59. — Sullivan vs. Holker, 15 Mass. Rep. 374.

 1 Saund. 24.

 Fontleroy vs. Aylmer, 1 Ld. Raym. 240

 Mitchel vs. Neale, Cowp. 828. — English vs. Purser, 6 East, 395. — M'Fadden vs. Olivant, 6 East, 390. — Burgess vs. Freelove, 2 Bos. & Pul. 425. — 1 Chitty, 439, 5th Lond. ed.