## MILLS *against* McCoy and Wife.

CASE for slander and malicious prosecution. On the trial at the Circuit, various testimony was adduced on both tion for a substantial and material variance between the *declaration* and evidence, though not made till after the defendant's counsel has closed his summing up to the jury.

In a declaration for a malicious prosecution, setting forth a search warrant, detention, indictment and acquittal, the search warrant, detention, &c. are mere matter of inducement, and need not be proved.

Declaring that the search warrant commanded to bring the *person;* whereas it commanded to bring both the *person* and *goods,* is no material variance, the declaration not professing to set forth the search warrant in *hæc verba.*

Declaring that the defendant caused the plaintiff to be carried before O. and detained till she gave bail; whereas she was in fact first committed for want of sureties by H. and afterwards brought before O. and bailed, is no variance.

Declaring that the plaintiff was acquitted on an indictment, and that the prosecution was ended and determined, and setting forth a judgment of the court to this effect; whereas the record stopped with a verdict of not guilty, and did not contain any judgment of acquittal, is no variance.

On a verdict of acquittal, if the defendant be in prison, he is immediately discharged; and if out on bail, his recognizance is, *ipso facto,* discharged without any further entry.

sides; and after the defendants' counsel had closed sum-
ming up the testimony to the jury, and the plaintiff's coun-
sel had risen to reply, the counsel for the defendants ob-
jected that there was a variance between the allegations
in the counts for malicious prosecution, and the documen-
tary proof produced to support it, fatal to the plaintiff's right
to sustain the action, and moved the Court so to rule. The
Court declined considering the objection, on the ground
that it was too late; and the defendants' counsel excepted.

*G. Griffin*, ( *W. M. Price*, same side,) now moved to bring
on the argument upon the bill of exceptions as frivolous.

*D. Graham*, contra.

*Curia.* We think it was the duty of the Judge to listen
to the objection if there was any thing in it. If the vari-
ance was substantial, and such as could not be amended,
the objection did not come too late. On the other hand, if
it was merely formal, we should consider the objection, at
any stage, as going for nothing.

At another day,

*Graham* pointed out the following variances:
1. The declaration set forth a warrant thus: that upon
a certain charge of petit larceny, (specifying it,) made be-
fore one James Hopson, a police Justice, &c. "she the said
Catharine McCoy, (one of the defendants,) falsely and mali-
ciously, and without any reasonable or probable cause
whatever, caused and procured the said James Hopson, so
being, &c. to make and grant his certain warrant under
his hand and seal, in the name of the people of the state of
New York, for the apprehending and taking of the body of
the said plaintiff, with a certain cotton sheet, value of one
dollar and fifty cents, several pillow cases, a feather pillow,
several towels, &c. and for bringing her, the plaintiff, be-
fore him the said James Hopson, or some other Justice of
the Peace for the city and county of New York, at the
police office in the City Hall of the said city, to answer the
said charge, and to be dealt with as the law directs."

That the plaintiff was arrested and detained in custoay, until afterwards, &c. the defendant, Catharine McCoy, falsely, &c. caused and procured the plaintiff to go and appear, &c. before Smith Orcutt, a certain other special Justice, &c., and the plaintiff then and there to be detained, until she, with Homan and Cornell, her bail, had signed and acknowledged a certain recognizance, &c. (setting it out) to appear at the next general sessions, &c.

That then, falsely, &c. and without any reasonable or probable cause whatever, the defendant Catharine McCoy, caused the plaintiff to be indicted of the larceny charged.

That afterwards, at the general sessions, held at, &c. before, &c. the plaintiff was in due manner acquitted of the premises in the indictment charged, by a jury of the city and county of New York, whereupon it was, afterwards, adjudged by the Court, that the plaintiff should de part thence without day ; and the plaintiff was and is duly discharged and acquitted, of and from the premises in the said indictment specified ; and the prosecution is wholly ended and determined, to wit, at, &c.

The search warrant in evidence was thus : " *State of New York, and city and county of New York, ss.* To any constable or marshal of said city : Whereas information, on oath hath been given to me, James Hopson, one, &c. by Catharine McCoy, of No. 275 Greenwich street, in the 3d ward of the said city, that the following articles, to wit, a cotton sheet, value of one dollar and fifty cents, several pillow cases, a feather pillow, several towels, &c. have lately been feloniously taken, stolen and carried away, by Margaret Mills, as is supposed, in the city and ward aforesaid ; and that the said Catharine McCoy has a probable cause to suspect, and does suspect that the said articles, or part thereof, are now concealed in the house of George Mills, on the Green Hill, in the 7th ward : These are, therefore, in the name, &c. to command and authorize you, with proper assistance, in the day time, to enter into the house of the said George Mills, situate as aforesaid, and there diligently to search for the said rticles ; and if the same, or any part thereof, shall be found, you are likewise commanded to bring the same, so found,

together with the said Catherine, or the person in whose custody the same shall be so found, before me, or some other Justice of the Peace, for the said city, to be dealt with as the law directs. Given, &c. the 11th May, 1824," &c.

The warrant of commitment was thus : " City and county of New York, ss. By James Hopson, Esquire, one, &c. to the constable and marshals, &c. These are, in the name, &c. to command you, &c. to convey to the said prison the body of Margaret Mills, and deliver her to the keeper thereof; and you, the said keeper, are hereby commanded to receive into your custody, in the said prison, the body of the said Margaret, who stands charged before me, on the oath of Catherine McCoy, with having, within 4 weeks last past, at the city of New York, feloniously taken, stolen and carried away, one cotton sheet, value one dollar and fifty cents, several pillow cases, one feather pillow, several towels and other articles ; and that you safely keep the said Margaret in your custody, in the said prison, until she shall be thence delivered by due course of law. Given, &c. May 11th, 1824."

The recognizance before Orcutt was then given in evidence.

A record of the indictment and trial was then produced in evidence, ending however, with the verdict of acquital, not followed by any judgment of the Court.

*Graham* cited the following authorities :

1. As to the variance between the search warrant as set forth in the declaration, and that submitted in proof. (2 Campb. 270. 8 East, 328. 7 Taunt. 399.)

2. Between the commitment, and that proved. (Archb. Plead. 125.)

3. Between the description of the Court, and the finding of the bill as averred and proved. (2 Campb. 193. Archb. Plead. 125. 4 T. R. 590.)

4. Between the averment of the plaintiff's acquittal, and determination of the suit, and the record of acquittal.

*Curia*, per WOODWORTH, J. All that part of this declaration, which relates to the search warrant and commit-

ment is mere inducement, and even less than inducement. It might have been stricken entirely out of the record, and the cause of action would have been complete upon the indictment, trial and acquittal. There was then no need of proving either the search warrant or *mittimus*. But if otherwise, the variance complained of, is merely formal and unsubstantial.

The variance now pointed out as to the search warrant is, that the declaration speaks of it as *commanding to bring the person merely ;* whereas the warrant, in fact, calls *not only for the person, but the goods found, and commands that both should be forthcoming before the magistrate.* The declaration does not profess to set forth the warrant *in hæc verba ;* and the bringing of the goods was, obviously, a matter entirely unimportant to the prosecution, unless, by the form of the declaration, it had been made matter of description.

The alleged variance as to the *mittimus* is, that the declaration says *the defendant caused the plaintiff to be brought before Orcutt, detained and recognized ;* whereas, *upon a mittimus, Hopson committed her, and she was afterwards let out by Orcutt on bail.* This is substantially the same thing. The legal effect of the *mittimus* was to detain her till bailed by a magistrate.

There is no variance between the *style of the Court* in the declaration, and that contained in the record which was given in evidence.

The only doubt is, whether the record should not have contained a *formal judgment* of acquittal, in order to have satisfied that part of the declaration which sets forth the judgment, and says *the plaintiff was duly discharged and acquitted,* and *that the prosecution was wholly ended and determined.*

We think this was not necessary. The record ends with the finding of the jury, *not guilty.* This works a discharge in law, and in fact; for the moment this verdict is pronounced, the defendant, if in prison, is set at large, and if out on bail the recognizance is considered as *ipso facto* void ; and no discharge is ever, in practice, entered. No entry is usual, upon the main record, beyond the verdict of not

guilty ; and it is, *prima facie,* evidence of an acquittal and determination of the prosecution, within the words of the declaration.

NEW YORK, *May, 1825.*

Judgment for the plaintiff.