## PEABODY *v.* KINSLEY.

Where there were two counts in a declaration: one in assumpsit, founded on the alleged promise of the defendant; the other for the negligence, or want of care of the defendant, and sounding in tort; and issue was joined upon the plea of non-assumpsit, and a general verdict rendered for the plaintiff; upon motion, judgment was arrested.

THE plaintiff's declaration contained two counts, substantially as follows:

(1.) In a plea of the case, for that the defendant, being a common carrier of goods for hire, on the first day of

December, 1855, at Boston, &c., in consideration that the plaintiff, at his request, delivered to him one parcel containing one piece of Shaker cotton flannel, of the value of ten dollars, &c., &c., for that purpose, promised to take care of, safely carry from Boston aforesaid to Mason, in the county of Hillsborough, &c., and there deliver to the plaintiff the said parcel for a reasonable reward; yet the defendant, having accepted said parcel, did not safely carry the same to said Mason, nor, though requested on the 1st day of March, 1858, at said Mason, deliver the same to the plaintiff.

(2.) And also for that the plaintiff, on the 1st day of December, 1855, at Boston, &c., delivered to the defendant, then being a common carrier of goods for hire, from said Boston to Mason, in the county of Hillsborough, &c., at his request, certain goods of said plaintiff, to wit, &c., to be safely carried from said Boston to said Mason, and there delivered to the plaintiff; yet the defendant then and there, by his negligence and want of care, lost said goods, and has never delivered the same to the plaintiff.

The defendant pleaded " non-assumpsit," and, upon issue joined, the jury returned a verdict for the plaintiff. After the verdict the defendant moved that judgment be arrested, " because the writ in said action contains two counts, one of which is in assumpsit, being founded on the alleged promise of the defendant, and the other being in case for tort; and founded on the alleged negligence and want of care of the defendant, and not on any alleged promise of the defendant."

The court ordered the judgment to be arrested; to which ruling the plaintiff excepted, and filed his bill of exceptions, which was allowed by the court.

*Lull*, for the plaintiff.

*Dearborn & Cheney*, and *Stevens*, for the defendant.

NESMITH, J. In this case the defendant, after verdict, moved in arrest of judgment for misjoinder of counts in the plaintiff's declaration. It is a well settled elementary principle of the common law, that such causes or rights of action, existing between the same parties, as will admit of the same general issue, may be joined in the same declaration ; 2 Saund. Pl. 117, note 2; Gould Pl. 212; Com. Dig., Action, G., 4; hence the joinder of causes of action, or of counts, which the law does not allow to be joined, is fatal to the declaration, not only on demurrer, but on motion in arrest of judgment after verdict, or on writ of error; for the joinder might, if sanctioned, require two final judgments, of different kinds, in the same action, whereas the law allows but one such judgment in any civil action. Gould Pl. 219. The case of *Crooker* v. *Willard*, 28 N. H. 134, is in point, where a declaration of this kind was adjudged bad on demurrer. See also *Mahurin* v. *Harding*, 28 N. H. 128. In this case issue was joined on the plea of non-assumpsit, and a general verdict was rendered for the plaintiff. In general, where one count in a declaration is good, and another substantially ill, if the jury, upon a plea to the whole declaration, or upon a default, find a general verdict for the plaintiff, with entire damages, the defendant may cause the judgment to be arrested ; for it is impossible for the court, judging as it must from the record alone, to discover on which count the damages were assessed, or what proportion of them may have been assessed on the one count or the other ; and the jury, as the law presumes, are as likely to have assessed them on a bad count as on a good one. Gould Pl. 523 ; 1 T. R. 151, 508 ; 2 Saund. 171, b, note 1 ; 1 Caines 347 ; 2 Mass. 53, 408 ; 5 Gr. 446 ; 9 Pick. 547. Where the declaration contains a good and a bad count, and a general verdict is rendered for the plaintiff, with entire damages, if it appear from the notes of the judge before whom the trial was had that no part of the evidence exhibited to the

Peabody *v.* Kinsley.

jury applied to the bad count, then the verdict may be amended by order of the court, so as to apply to the good count only; after which amendment the court will give judgment in pursuance of the verdict on such count only. For, as the verdict stands after amendment, it then appears from the record itself that the damages were assessed only on the good count. But as the case now stands, no intendment can be inferred favorable to the verdict, and, therefore,

*Judgment must be arrested.*