L. B. KERR, Plaintiff in Error, *vs.* J. S. MARTIN, Defendant in Error.

WRIT OF ERROR.

SPECIAL TERM, MARCH, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A motion in arrest of judgment was made after judgment had been entered up:

Held, too late and motion was properly denied.

If a declaration contains more than one count and one should be bad, and a general verdict be given, such verdict is reversible on error.

The first count in the declaration held by the Court be in Case for malicious prosecution in procuring the arrest of the defendant in error, maliciously and without probable cause, on a charge of embezzlement.

The second count held to be also in Case, in maliciously and without probable cause procuring the issuance of a search warrant, and the other allegations in this count, as to damage to property and injury to the feelings of defendant and his wife and family, held to be matters in aggravation and not substantive causes of action.

OPINION OF THE COURT, BY PRESTON, J.

The defendant in error sued the plaintiff in error in this Court in an action designated "Trespass." The first count in the petition was for the malicious prosecution and arrest of the defendant in error without probable cause, on a charge of embezzlement of certain pieces of cloth and satin, the property of the plaintiff in error, and claimed $5000 as damages. A second count was for maliciously and without probable cause obtaining a search warrant to search the defendant's (in error) house for the same goods, and alleged that in pursuance of the command in said last-mentioned warrant certain police officers went, accompanied by the defendant (the plaintiff in error), to the residence of the then plaintiff, and then and there, with the aid and at the instigation and procurement of said then defendant, to the wrong, injury, insult and inconvenience of said then plaintiff,

and to the insult, humiliation and terror of his wife and family, instituted and conducted a precise and thorough search of the then plaintiff's said residence and overhauling and displacement of the furniture and other articles therein, and that during the progress of said search said officers and said then defendant found certain articles therein, to wit, one piece of camel hair or worsted suiting, the property of said then plaintiff, which said then defendant then and there falsely claimed to be the property of him, said defendant, and to have been feloniously stolen and embezzled by the then plaintiff from said then defendant, and at the request and instigation of said defendant said police officers then and there, against the will and right of said then plaintiff, took said specified articles into their custody and possession, and then and there arrested and took said then plaintiff into custody, and conveyed plaintiff and said goods to the Honolulu Police Station; that plaintiff secured his release by giving bail, and at the hearing the charge was withdrawn and plaintiff discharged from custody. And the plaintiff averred that by reason of the facts therein-before in that count recited, he was grossly injured in his right of personal liberty, and that the rightful sanctity of his dwelling was ruthlessly invaded and violated; that he and his said wife and family were exposed to and suffered great distress and terror and the most humiliating insult, and that the then plaintiff suffered assault and imprisonment; that he was greatly scandalized in his business and social relations, and was obliged to incur great inconvenience, expense, etc., and plaintiff claimed $5000 as damages.

The case was tried before McCully, J., and a jury at the last October Term, when the plaintiff had a general verdict for $1500, upon which judgment was entered on the eighteenth day of October.

On the 30th January, during the term, the defendant moved the Court that judgment be arrested on grounds which were afterwards assigned as error.

This motion was refused.

The plaintiff in error thereafter applied to Mr. Justice McCully for and obtained a writ of error and assigned errors as follows:

"Whereas an action of trespass was entered by the said J. S. Martin, as plaintiff, against the said L. B. Kerr, as defendant, in the Supreme Court at the last October Term thereof, and said action came on to be tried at said term before a jury, and a verdict was returned for the plaintiff for fifteen hundred dollars damages, and judgment has been entered against the defendant within six months now last past, to wit, on the eighteenth day of October, A. D. 1888, for the sum of fifteen hundred dollars and one hundred and sixty-two and 50-100 dollars costs, and execution thereon is wholly unsatisfied. The said L. B. Kerr deeming himself aggrieved by said verdict and judgment, gives his reasons for deeming himself so aggrieved, assigning the cause of error in said verdict and judgment as follows: 1. That the plaintiff's complaint, in the second count thereof, erroneously joins a cause of action in trespass with a cause of action in case. 2. That the plaintiff's complaint erroneously contains two counts for wrongs alleged to have been committed by the same act. 3. That the plaintiff's complaint sets forth two causes of action for one and the same alleged trespass. 4. That the jury by their verdict in said cause found entire damages on both counts, and not distinct damages in respect of each or either count, so that it is impossible to say whether the verdict was based wholly or in part on said second count.

"The said applicant also assigns the following cause of error in said cause, namely, that the motion in arrest of judgment for the causes above assigned was denied by Mr. Justice Bickerton presiding at the last January Term of said Court."

*Mr. Hartwell*, for the plaintiff in error, argued that:

The second count sets forth a cause of action on the case in that portion where it is alleged that, "in pursuance of the command in * * * the warrant," the officers did the injuries complained of. "If the injury were committed through the medium of and under regular process, as in the case of a mali-

cious arrest or prosecution, although such injury were forcible and immediate, yet the remedy must be Case;" 1 Ch. Pl. 145, 16th Am. Ed.; and also where it avers, "insult, humiliation and terror of his wife," and, "that he  *  *  *  suffered great distress and terror and the most humiliating insult  *  *  *  and that he was greatly scandalized in his business and social relations." "With respect to injuries  *  *  *  to reputation and health, etc.,  *  *  *  as the property injured cannot be affected immediately by any substance, the injuries thereto, however malevolent and however contrived, cannot be considered as committed with force." Ib., 141.

It also sets forth a cause of action in trespass in that portion where it is averred that the officers "accompanied by said defendant  *  *  *  with the aid and at the instigation and by the procurement of said defendant  *  *  *  instituted and conducted a  *  *  *  search of plaintiff's residence  *  *  * and at the request and instigation of said defendant  *  *  * took" certain goods, etc., and, "arrested and took this plaintiff into custody," etc. "A tort which one directs or advises another to commit, he is always responsible for, jointly with the guilty agent, and his liability does not depend upon the subordination of the agent, but upon the direct connection of the adviser with the wrong." Cooley on Torts, p. 534.

The acts of the officers being alleged in this portion of the count to have been done at the instigation, etc , of defendant and not under color of process, were direct, and therefore the cause set out is trespass. Nor can it be said that the "request, investigation, etc., of defendant" was without effect, and that the averment of it is surplusage, on the ground that the officers would have done the injuries complained of at all events under the warrant. For the officers are alleged to have been acting under a search warrant, so far as acting under a warrant at all, and nothing is said in this count of a warrant of arrest, and therefore the officer had, so far as this count shows, no legal authority to make the arrest, assault or imprisonment averred in it.

" Trespass cannot be joined with Case." *Ib.,* 224; Arch. Civ. Pl., 160.

If the same act, namely, swearing out the warrant of arrest and search warrant falsely and maliciously and without probable cause, is the only wrong done by the defendant below, two counts for that wrong are improper.

" Several counts in trespass for acts committed at the same time and place are not to be allowed." 1 Ch. Pl. 431; Arch. Civ. Pl., 160.

So even in Code Pleading, " In the case of torts each trespass or conversion gives a right of action and but a single one.' Boone's Code Pl., Section 38; Pom. Rem., Sect. 5, 76; and see *Nevada Canal Co. vs. Kidd,* 43 Cal., 184.

" In the case of misjoinder, however perfect the counts may be in themselves, the declaration will be bad on a general demurrer, or in arrest of judgment, or upon error." 1 Ch. Pl., 228.

" If the jury find entire damages on all counts, the judgments must be entire, in which case, if one of the counts be insufficient, judgment will be arrested, or a writ of error be sustainable." *Ib.* 426, and see 2 Mass., 53, 406, and 8 Allen 63.

The following authorities were also cited : *Dalson vs. Bradbury,* 50 Ill., 82 ; *Cheetham vs. Tillorson,* 5 Johns., 431 ; *Cooper vs. Bissell,* 16 Johns., 146 ; *Backus vs. Richardson,* 5 Johns., 477 ; *Campbell vs. Stakes,* 2 Wend., 147 ; *Van Rensselaer vs. Platner,* 2 Johns. Cas., 18, 21, 23 ; *Bell vs. Lovett,* 19 Wend., 546 ; *Blanchard vs. Fisk,* 2 N. H., 398 ; *Sprecker vs. Grant,* 16 Serg. & R., 237 ; *Peake vs. Oldham,* Cowp., 276 ; *Bugden vs. Parkes,* 2 Bos. & Pul., 424 ; *Corner vs. Shew,* 3 M. & W., 350 ; *Corbett vs. Packington,* 6 B. & C., 268.

*Mr. V. V. Ashford,* for defendant, argued : That the decision of the Court (Bickerton, J., presiding) overruling the motion to arrest judgment was not reviewable in error.

The first, second and third assignments are error in law, the fourth is error in fact. The fifth assignment goes beyond the record. Errors in fact and in law cannot be joined. *Freeburn vs. Dennan,* 7 N. J. L.

The point in the misjoinder claimed is met in the sixth subsection of Section 1144 Civil Code, where "The plaintiff in a civil suit may unite several causes of action in the same complaint, when they arise out of * * (6) injuries to the person;" and of misjoinder the authorities are to the effect that the remedy was demurrer, and cannot be assigned as error. *Lovell vs. Pell*, 22 Wend., 369.

Pleading over is a waiver by the party who might have taken advantage of informality or irregularity at the proper time. The only exception is where the complaint states no cause of action.   The doctrine is everywhere held that no assignment of error can be entertained for the first time on assignment of error under the writ of that name.

## BY THE COURT.

We will deal with the fifth assignment of error first.

The assignment itself shows that it cannot be maintained. It appears that judgment was entered on the 15th October, and the motion in arrest of judgment was not made until January. This was too late.   A motion in arrest of judgment must be made before the judgment is entered.   The Court was therefore correct in refusing the motion.

But if the Court had been wrong in such refusal, an exception to the ruling would have been the correct proceeding and not a writ of error.

It seems to us that counsel for the defendant in error states the law incorrectly when he argues that the plaintiff in error should have demurred and therefore that a writ of error should not issue.

We are of opinion that if any declaration contains more than one count, and one count should be bad, and a general verdict is given, such verdict may he reversed on error.

In *O'Connell vs. The Queen*, 1 Cox C. C., p. 474, Tindal, C. J., drawing a distinction between criminal and civil proceedings (though it was held in that case there was no distinction) says:

"In a civil action indeed, if the same state of facts be supposed, that is, one count in the declaration good in law and

others bad, a verdict finding general damages against the defendant upon all the counts, and a judgment upon the whole record for the plaintiff; the whole judgment would undoubtedly be reversed upon a writ of error, and a *venire de novo* awarded. Because in that case the judgment is for damages, which are given as well upon the bad count as the good; the jury having no power to find a verdict for the plaintiff upon any one count, without finding in contemplation of law some damages also upon that count; so that the whole amount of the damages found must be the aggregate of the separate sums found upon the good and bad counts together, and the Court cannot see how much arises from the good count and how much from the bad. Of necessity therefore, and to do justice between the parties, and in order to ascertain the real damages sustained by the plaintiff upon the good count, the judgment must be set aside. No judgment of a court can be given on an uncertain verdict, and the verdict becomes uncertain the moment the damages or any part of them are referable to a bad count."

Understanding this to be the law, as contended for by the plaintiff in error, it becomes our duty to consider whether the second count is bad, as alleged by counsel, and if we should be of that opinion our judgment must be for the plaintiff in error.

Section 1144 of the Civil Code allows the plaintiff to unite several causes of action when they all arise out of "5. Injuries to character."

In the case at bar the first count is (notwithstanding it is called Trespass) a count in Case, for malicious prosecution in procuring the arrest of the defendant in error maliciously and without probable cause on a charge of embezzlement.

The second count is, we consider, also in Case, in maliciously and without probable cause procuring the issuance of a search warrant.

It must be admitted that the count is very loosely drawn and contains abundance of irrelevant matter, altogether unnecessary to be alleged. But we do not think the allegations as to the arrest of the defendant in error makes the arrest a trespass; it

was part of the duty of the officer executing the warrant to make the arrest, it is required by law, and the party obtaining the warrant must by law accompany the officer to identify the property. "The application for a search warrant involves an application to arrest." *Wyatt vs. White*, 3 Hurl. & N. 5.

The other allegations complained of, as to damage to property and injury to the feelings of the defendant and his wife and family, may be considered, and we do consider them, as matters in aggravation, and not, as argued by counsel for plaintiff in error, substantive causes of action. The form of pleading is to be deprecated, but it appears to us that the charge made is for the maliciously causing the search warrant to be issued, and that the other matters are charged as incidental thereto.

The case of *Hensworth vs. Fawkes*, 4 B. & Adol., 449, is precisely in point. The head note is as follows:

"Declaration (in a plea of trespass on the case) stated that the defendant, intending to injure the plaintiff in his good name, and to cause his dwelling house to be searched for stolen goods, and to procure him to be imprisoned, went before a justice and falsely, maliciously and without probable cause charged that certain specified goods of the defendant had been feloniously stolen, and that he suspected that the said goods were concealed in the plaintiff's dwelling house; and upon such charge the defendant procured the justice to grant a warrant authorizing a constable, with necessary assistance, to enter plaintiff's house to search for the said goods, and the defendant with the other persons caused and procured the dwelling house of the plaintiff to be searched and rummaged for the said goods by such persons, and the door of such house and a pantry thereto to be broken to pieces, and the plaintiff and his family to be disturbed in possession and his goods to be carried away. The general conclusion was, that by means of the premises, the plaintiff was injured in his good name and trade, put to expense, and hindered in his business. A count in trover was added.

" Held, on general demurrer, by Taunton and Patterson, JJ., Littledale, J. *dissentiente*, that the acts of violence, alleged to have been committed in the house, appeared sufficiently by the declaration to have been done in pursuance of the warrant and in consequence of the charge made by the defendant, and that they were stated as mere matter of aggravation; and consequently that the whole count containing the statement was in Case."

We are of opinion that judgment should be entered for the defendant in error, with costs.

And it is so ordered.

*A. S. Hartwell*, for plaintiff in error.

*V. V. Ashford*, for defendant.