F. HARRISON and A. V. GEAR *v*. J. H. BRUNS.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 14, 1896.　　　　DECIDED JULY 29, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

If A and B make an oral contract, by which A is to buy land by
auction upon the joint account of both in equal shares, the con-
tract is within the statute of frauds, and after the land has been
conveyed to A, B cannot maintain an action for breach of con-
tract.

OPINION OF THE COURT BY WHITING, J.

The declaration avers an agreement between the plaintiffs
and the defendant "whereby they agree to purchase the lease"
of certain government premises in Honolulu at public auction,
which the defendant, "in pursuance of said agreement," pur-
chased, and thereafter did instruct James A. King, Minister of
the Interior, to execute the lease to plaintiffs and defendant ac-
cording to said agreement; that thereafter the defendant, con-
trary to said agreement, and after plaintiffs had pursuant to said
agreement been put to great expense and inconvenience, and
plaintiffs being at all times ready to perform all the conditions
of said agreement upon their part, wholly refused to carry out
his part of said agreement, and induced the said James A. King
to execute a lease of said premises to him, said defendant. The
plaintiffs claim damages for breach of the alleged agreement.

The case was returnable at the November term, 1894, of the
First Circuit Court, and defendant's answer was a general de-

nial, but at the June term, 1895, the defendant amended his answer as follows: "Said defendant, by leave of court, amends his answer by adding thereto the following notice: The defendant gives notice that among other defenses he relies upon the statute of frauds."

The trial was held at the February term, 1896, and by direction of the court the jury returned a verdict for the defendant.

The Minister of the Interior duly advertised for sale at public auction a lease of a government lot on the Esplanade in Honolulu, and at the sale the auctioneer, a clerk of the Interior Department, knocked the lease down to defendant and made an entry to that effect in defendant's name alone at the time, he, the defendant, being the bidder.

The plaintiffs offered to prove by oral testimony that defendant agreed with them that defendant would bid for and purchase the lease of land in question, and that he would purchase such lease for himself and the plaintiffs, and that defendant broke this contract and took the lease in his own name, and refuses to let plaintiffs into a share, and for this breach they claim damages.

The plaintiffs also claim that the alleged agreement was in the nature of a partnership; that defendant agreed with plaintiffs to purchase the lease and that the three should be partners in the lease, and that such an agreement was not within the statute of frauds and need not be in writing.

There is no evidence of any memorandum in writing to show the alleged agreement, and the court below held that the alleged agreement was for the purchase or sale of an interest in lands, and was within the statute of frauds, and declined to permit the alleged agreement to be proved by parol testimony.

The Hawaiian statute of frauds, Sec. 1053, Civil Code, (Comp. Laws, p. 309) provides that "no action shall be brought or maintained in any of the following cases: * * * Fourth, upon any contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them, * * * unless the promise, contract or agreement upon which such actions

shall be brought, or some memorandum or note thereof, shall be in writing, and be signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized."

The alleged contract, for the breach of which the plaintiffs claim damages, is clearly a contract for the sale of an interest in lands, and within the statute of frauds, and no action can be maintained by plaintiffs for the breach thereof, the same being an oral contract, and the plaintiffs failing to prove any memorandum in writing such as is required by the statute.

> *Parsons v. Philan,* 134 Mass. 109.
> *Fickett v. Durham,* 109 Mass. 419.
> *Bailey v. Hewenway,* 147 Mass. 327.

The plaintiffs claim to have excepted to the refusal of the court to admit certain evidence offered by them, but these exceptions are not set out in the bill of exceptions. The bill contains the following in reference thereto: "At the trial, the plaintiff, to sustain his case, offered certain evidence, which was ruled out by the court, as will particularly appear from the transcript of the court reporter's minutes of the proceedings at the trial of said cause, to which several rulings of the court the plaintiffs duly excepted."

We have repeatedly held that all exceptions relied on by the appellant must appear on the face of the bill of exceptions, otherwise this court cannot consider them.

> Secs. 72, 73 and 74, Chap. 57, Laws 1892.
> *Kapuakela v. Iaca,* 9 Haw. 555.
> *De Fraga v. Port. Mut. Ben. Soc., ante,* 128.
> *Haac v. Kuluwaimaka, ante,* 347.

Exceptions overruled.

*P. Neumann,* for plaintiffs.

*Hartwell, Thurston & Stanley,* for defendant.