# KAHULUI RAILROAD COMPANY *vs.* HAWAIIAN COMMERCIAL AND SUGAR COMPANY.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 25, 1899.        DECIDED MARCH 28, 1899.

WHITING, J., AND MESSRS. E. P. DOLE AND H. P. WEBER, OF
THE BAR, RESPECTIVELY, IN PLACE OF JUDD, C.J., DIS-
QUALIFIED, AND FREAR, J., ABSENT.

Case lies for malicious misuse of process.

The action of trespass *quare clausum fregit* may embrace the circum-
stances which accompany and give character to the trespass, ir-
respective of whether or not such circumstances might be the sub-
ject of a substantive cause of action.

Accordingly a petition in trespass *quare clausum fregit,* which charges
the defendant with fraudulently obtaining a temporary injunction
restraining plaintiff from interfering with or preventing the con-
tinuous trespasses of the defendant upon the property of the plain-
tiff, is not open to demurrer on the ground of duplicity or mis-
joinder of actions, where such additional matter is averred gen-
erally and by way of aggravation, and not with such certainty
and particularity or in such a manner as to constitute a distinct,
substantive cause of action in case.

### OPINION OF THE COURT BY H. P. WEBER, ESQ.

Plaintiff's petition follows the statutory outline prescribed in
cases of unliquidated demands, and claims actual and exemplary
damages against defendant for a trespass *quare clausum fregit,*
laid with a continuando.

There is an allegation charging the defendant with keeping a large body of men in the vicinity of the locus in quo for the purpose of effectuating the acts of trespass and of forcibly preventing interference on the part of the plaintiff; and then this averment:

"And plaintiff further charges and says that the defendant corporation on the 7th day of March, 1898, by the fraudulent suppression and omission of material facts, obtained a temporary injunction from a circuit judge of the Circuit Court enjoining the plaintiff from interfering with or preventing said trespasses by defendant upon said right of way of the plaintiff with the purpose and intention of preventing the plaintiff from resisting or objecting to defendant's continuous trespass as aforesaid upon the right of way and property aforesaid of plaintiff."

This is followed by allegations of special damage, the malicious character of defendant's acts, and the general damage suffered by plaintiff, concluding with a prayer for process.

The defendant interposed a demurrer, assigning as grounds therefor,—First, that several causes of action have been improperly united; Second, that the said complaint does not state facts sufficient to constitute a cause of action; Third, that the said complaint is uncertain.

The case comes up on exceptions to an order overruling the demurrer.

The second ground of demurrer assigned was not relied upon by counsel, and is treated as abandoned. It is contended the averment as to procuring a temporary injunction sets forth a cause of action in case, and, if regarded as a part of the count in trespass, makes the pleading double; or if held to constitute a separate count, violates the rule of common law pleading against the joinder of two different forms of action in the same declaration.

It is an old principle of the common law that "if a party falsely and maliciously and without probable cause put the law in motion, that is properly a subject of an action on the case." (*Clossum vs. Staples*, 42 Vt. 210, 216; *Churchill vs. Siggers*,

3 El. & Bl. 929, 937.)   And this is the prevailing American doctrine.   *Newark Coal Co. vs. Upson,* 40 Ohio St. 17, *Fortman vs. Rottier,* 8 Ohio St. 548; *Whipple vs. Fidler,* 11 Conn. 582, *Mitchell vs. S. W. R. Co.,* 75 Ga. 398 (14 Am. & Eng. Enc. L. 36, note); *Brand vs. Hinchman,* 68 Mich. 590; *Wood vs. Graves,* 144 Mass. 365.

As stated by Granger, C. J., in *Newark Coal Co. vs. Upson,* (p. 25):

"It may now be considered the approved doctrine, that an action for the malicious prosecution of a civil suit may be maintained, whenever, by virtue of any order or writ, issued in the malicious suit, the defendant in that suit has been deprived of his personal liberty, or of the possession, use, or enjoyment of property of value.   The name or form of the writ, or process, is immaterial.   It may be an order of arrest, or of attachment, or of injunction."

And it is equally settled that a distinct action lies for the malicious misuse, or abuse of process.   *Granger vs. Hill,* 4 Bing. N. C. 212; *Mayer vs. Walter,* 64 Pa. St. 283; *Kennedy vs. Barnett,* 64 Pa. St. 141; *Doctor vs. Riedel,* 96 Wis. 158; *Whitten vs. Bennett,* 86 Fed. R. 405; 13 Enc. Plead. & Prac. 433; 1 Williams, Notes, to Saunder's Rep. 269-270; Cooley on Torts, 189.

Fraudulently procuring a temporary injunction whereby a party is kept out of the enjoyment of his property, or otherwise injured, is rather a misuse than abuse of process.   *Mayer vs. Walter, supra; Doctor vs. Riedel,* 96 Wis. at 163.   But it is clear that if done maliciously and to the damage of the opposite party, case lies therefor.   It does not follow, however, from this condition of the substantive law that defendant's objections to the petition in the present case are well taken.

The rule is well established that the action of trespass *quare clausum fregit* may embrace the circumstances which accompany and give character to the trespass, irrespective of whether or not such circumstances, or any of them, might be the subject of a substantive cause of action.   1 Sutherland on Damages,

732, 769; 3 *Id.* 364, 367; Comyn's Dig. "Pleader," p. 531;
1 Tidd's Prac. 448.    Accordingly, where the trespass is laid as
the gravamen of the action, and the rest averred generally as
matter of aggravation, the declaration is not open to demurrer
on the ground of duplicity or misjoinder, and the matter of ag-
gravation is not traversable, *Neuman vs. Smith,* 1 Salk. 642;
*Bracegirdle vs. Orford,* 2 M. & S. 77; *Brewer vs. Dew,* 11
M. & W. 625; *Griffiths vs. Dunnett,* 7 M. & G. 1002; *Lane
vs. Dixon,* 3 Com. B. 776; 1 Stephen on Plead. (Tyler's Ed.)
237; 1 Williams, Notes to Saunder's Rep. 24. s. p. *Kerr vs.
Martin,* 7 Haw. 645.    On the other hand, where the circum-
stances connected with the breaking and entering are averred
with certainty and particularity so as to make it appear that
such matter was one of the principal objects of the suit, it will
be regarded as a substantive cause of action and not as mere
matter of aggravation.    *Curlewis vs. Laurie,* 12 Ad. & El.
N. S. 640; *Phillips vs. Howgate,* 5 B. & Ald. 220; *Thayer vs.
Sherlock,* 4 Mich. 173; *Bishop vs. Baker,* 19 Pick, 517.    There
is little difficulty in applying these general principles to a given
case where the matter set out in the declaration in connection
with a trespass cannot be the subject of an action by itself, or
where it is susceptible of both special and general averment,
making it in the one form a complete, and in the other an in-
complete cause of action; but when the matter admits of but
one form of averment, or when laid generally, constitutes a
good cause of action, there may be nothing from which to as-
certain whether the plaintiff has introduced it by way of ag-
gravation or intends to rely upon it as a separate ground of
action.    Perhaps the most satisfactory rule of practice of gen-
eral applicability is that stated in Hammond's law of *Nisi
Prius.*

"Supposing that the matter will admit of both a general and
particular mode of description, then, if in the form in which
it is alleged, the plaintiff will not be entitled to claim a com-
pensation for it as a separate grievance, it must be considered
as having been inserted to increase the damages; as where the

declaration charges the defendant with having entered the plaintiff's close, and cut down his trees, not specifying their number, kind or value; if, on the contrary, it will so entitle him, it must then be regarded as a distinct injury for which the plaintiff claims redress, because with what other view, or for what other purpose, has he described it with such particularity?  *  *  * But on the other hand, suppose the matter will admit of only one mode of describing it, the defendant has no clew whereby he may ascertain whether the plaintiff means to insist upon it as a cause of action in itself, or as matter in aggravation, and he may therefore consider it as falling under the latter description, a mode the most advantageous to himself; and if by so doing he mistakes the plaintiff's meaning, the latter has it in his power to set him right by new assigning." (Quoted and adopted in *Sampson vs. Henry*, 15 Pick. 36, at 40-41.)

If however, the defendant chooses to demur, as in the present instance, instead of treating the additional matter as charged by way of aggravation in the manner last suggested, he should again, in the interest of certainty of pleading, be given the benefit of the doubt, and if there is nothing in the language of the declaration indicating that such matter was inserted solely for the purpose of increasing the damages, it is to be regarded as constituting a cause of action distinct from the main trespass, and subject to all those rules of pleading designed to produce singleness or unity in the issue.

The question to be decided in this case is, therefore, whether the clause in the petition, relating to the procuring of a temporary injunction by defendant, is to be treated as setti- forth a cause of action in case separate from the trespasses charged.

The authorities are not uniform in declaring what constitutes the essential elements of an action for misuse or abuse of process, but, with a single exception, they are agreed that malice is one of them.

A precedent for the form of declaration in an action for maliciously procuring a capias, &c, is given in 2 Chitty on Plead. (16 Am. Ed.) 552:

"For that the defendant having commenced an action against

the plaintiff in the court of    *    *    *    at Westminster, maliciously and falsely represented by means of a false affidavit to one of the judges of said court that the plaintiff was about to quit England unless forthwith apprehended, and thereby maliciously and without reasonable or probable cause, obtained from the said judge an order directing the plaintiff to be held to bail for the sum of £————, and thereupon and in pursuance of the said order, the defendant caused to be issued out of the said court, a writ of capias directed to the said sheriff of *    *    *    *   , whereby the said sheriff was commanded," etc.

And some such form of averment is to be found in the analogous cases of maliciously and fraudulently suing out an attachment, injunction, summons, &c., *Antcliff vs. June*, 81 Mich. 477; *Newark Coal Co. vs. Upson*, 40 Ohio St. 17, 21; *Storz v Finkelstein.* 48 Neb. 27; s. c., 66 N. W. R. 1020; *Abohosh r Buck*, 43 S. W. R. 425; *Whitten vs. Bennett*, 86 Fed. R. 405.

A declaration which alleged that defendant without reasonable or probable cause, falsely and maliciously caused and procured a writ of injunction to be issued, and falsely and maliciously caused the same to be served on plaintiff was held bad on demurrer as not being sufficiently specific. *Barry vs. Salt Co.*, 14 Phil. (Pa.) 124. (Cited in 14 Am. & Eng. Enc. L. 42 note.)

In the present case the charge of procuring, by the fraudulent suppression and omission of material facts, a temporary injunction against the plaintiff, is not only not averred with the certainty and particularity usual and proper in declaring upon a malicious misuse or abuse of process as a substantive cause of action, but was apparently intended by the pleader to be laid as a circumstance connected with the trespasses before charged, much the same as the ordinary allegation of holding and keeping out by force and with a strong hand. *Taylor vs. Cole*, 1 H. Black. 555 (and 3 Term Rep B. R. 292).

We think this is the fair construction to be put upon the language employed, "Enjoining the plaintiff from interfering

with or preventing said trespasses by defendant upon said right of way of the plaintiff with the purpose and intention of preventing the plaintiff from resisting or objecting to defendant's continuous trespasses as aforesaid." &ast; &ast; &ast; &ast;

The allegation in the second succeeding paragraph, that all the facts aforesaid were done wantonly, recklessly, wilfully, oppressively and maliciously, cannot be made to attach to the charge of procuring the injunction in order to make it a complete count in case, assuming that it would have that effect, a point which we do not deem it necessary here to decide.

It follows that the matter of procuring a temporary injunction was set up merely by way of aggravation, and does not, in the form averred, constitute a separate cause of action.

This view disposes of both points raised by the demurrer, and of the questions presented in argument.

Exceptions overruled.

*Kinney, Ballou & McClanahan* for plaintiff.
*Hartwell, Castle & Weaver* for defendant .