## MANUEL DE ARRUDA *v.* EDGAR MORTON AND HANS AMUNDSEN.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED OCTOBER 16, 1905.   DECIDED NOVEMBER 6, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

PLEADING—*malicious arrest, action for—malicious search of plaintiff's premises.*

A complaint alleging an arrest of plaintiff caused by defendant maliciously and without probable cause, also a search of plaintiff's premises, etc., is an action .for malicious arrest, since counts for injuries to character, (reputation) person and property cannot be joined, the arrest for injury from the search being meant to aggravate the damage from arrest and imprisonment.

BILL OF EXCEPTIONS—*practice—bill failing to recite exception shown by transcript—missing exhibit.*

An exception not shown in the bill of exceptions cannot be considered, although appearing in the transcript which the bill refers to and makes part thereof. The legal effect of a missing exhibit cannot be passed upon.

ID.

Exceptions are not sustained to refusal of the court to admit evidence of plaintiff's arrest on a former charge not mentioned in complaint; or to allow the sheriff to testify what took place before the grand jury concerning that charge; or to allow the magistrate to testify whether any one sat in front of him taking evidence in a civil action against the plaintiff; or to admit in evidence the record in that case, the trial judge having said "There was nothing in this record that says that Mr. Morton was the instigator of that suit."

OPINION OF THE COURT BY HARTWELL, J.

The action, which the complaint entitled "trespass on the

case," is named in the plaintiffs' brief "an action for malicious prosecution," which was "originally brought against Edgar Morton and one Hans Amundsen, but subsequently discontinued as against Amundsen." The plaintiff claimed damages resulting to him in that May 3, 1904, the defendants "did advise, counsel, conspire together and aided each other to falsely and maliciously and without probable cause, cause a warrant of arrest to be issued" by the district magistrate of Makawao for the plaintiff's arrest upon the charge of felonious branding of cattle the property of the defendant Amundsen, and that on this charge the plaintiff was arrested and imprisoned until he gave bail and afterwards having been released on bail was arraigned before the magistrate and acquitted of the charge.

Like averments are made of two subsequent warrants of arrest on similar charges, issuing May 6, 1904, acquittal following May 10, the third warrant being averred to have been procured by the defendants while the second charge was pending and that May 13, the plaintiff was acquitted thereof. The complaint further avers that the defendants conspired together, etc., and caused a search of the plaintiff's premises under a pretended search warrant and that the defendants with force and arms entered the plaintiff's premises and searched the same; that all of these acts on the part of the defendant, Morton, were done solely to harass and worry the plaintiff because of an appeal taken by him from a judgment against him, "in a cause or action prosecuted by said Edgar Morton, which charge was submitted to the grand jury of the Second Judicial Circuit during the June Term, A. D., 1904, of the said circuit, who failed to find an indictment, which charge was thereupon nolle prosequied, and the plaintiff herein fully acquitted and discharged."

It is averred that the alleged wrongful acts injured the plaintiff's "reputation, character and feelings" and put him to great expense to procure bail and were in contravention of his private rights under the laws and to his damage in the sum of $5,000.00.

The statute which permits joining several causes of action for injuries (5) to character (reputation), (6) to the persòn and (7) to property requires that "the causes of action so united shall all belong to one only of these classes." R. L. Sec. 1743.

As the law does not permit joining counts for injuries to character, (reputation), person and property, we regard this as an action for malicious arrest, the averment of injury from the search of the plaintiff's premises being meant to aggravate the damages from his arrest and imprisonment. *Kerr v. Martin,* 7 Haw. 645.

The transcript shows that at the close of the plaintiff's case the defendant moved for nonsuit which the court granted, and that the plaintiff's attorney thereupon said, "We wish to note an exception to the ruling," the court saying "Note the exception." The bill of exceptions reads, "All records, files and proceedings in the above cause, including the clerk's minutes and stenographer's transcript of testimony as well as the affidavit of J. M. Vivas and the certificate of the clerk of the second circuit court, are hereby made a part of this bill of exceptions," and under the head of "Exception No. 8," recites that the court granted the defendant's motion for nonsuit on the ground that the plaintiff had not shown want of probable cause and that "the court erred in granting said motion in view of the fact that the plaintiff had made out a case showing not only want of probable cause on the part of the defendant but also malice," not reciting that the plaintiff excepted to the granting of a nonsuit. The defendant's attorney contends that therefore there is no exception to the nonsuit properly before the court. The repeated decisions of this court require us to sustain this contention. "The plaintiffs claim to have excepted to the refusal of the court to admit certain evidence offered by them, but these exceptions are not set out in the bill of exceptions. The bill contains the following in reference thereto: 'At the trial, the plaintiff, to sustain his case, offered certain evidence, which was ruled out by the court, as will particularly appear from the

transcript of the court reporter's minutes of the proceedings at the trial of said cause, to which several rulings of the court the plaintiffs duly excepted.' We have repeatedly held that all exceptions relied on by the appellant must appear on the face of the bill of exceptions, otherwise this court cannot consider them." *Harrison v. Bruns,* 10 Haw. 397. "The bill is objectionable because not exhibiting in detail the various exceptions taken during the trial, but referring to them as to appear in the stenographer's notes when prepared." *Dowsett v. Maukeala, Ib.* 167. "The words 'The exceptions noted by defendant's counsel as appears by the stenographer's notes are referred to and made a part of this bill of exceptions' cannot be construed to cover the omission to set out the alleged errors in the bill itself." *Kapuakela v. Iaea, Ib.* 103. "Where the errors complained of are not squarely presented by the bill of exceptions, as in this exception, we shall follow the practice of this court and refuse to consider them." *Mist v. Kapiolani Estate,* 13 *Ib.* 526.

We see no reason for reversing the rule thus laid down, and therefore we decline to consider an exception to the order of nonsuit. The same is true of "Exception No. 9," reading, "That the court also erred in disallowing evidence in regard to former prosecution of plaintiff as shown by the evidence from the transcript of notes on page 55," and also of "Exception No. 7," which reads, "That thereafter plaintiff having subpoenaed a witness, John Miguel, and said subpoena having been issued at 4:45 p. m. April 11, 1905, and the same having been returned, and the plaintiff calling said witness who did not respond, the court erred in ordering the plaintiff to proceed with the trial, plaintiff claiming that John Miguel's evidence was material and having made formal offer of what said witness would testify to."

The plaintiff's exception (1) to the order of the court on its own motion striking from the files the plaintiff's exhibit "B" is not sustained since the bill of exceptions does not show what the exhibit is. All that appears in explanation of its contents

is found in the transcript, which recites that it contained an affidavit dated May 3, 1904, sworn to by the defendant, and a search warrant, and in the affidavit with the bill of exceptions and made part thereof, by J. M. Vivas, the attorney for the plaintiff at the trial who prepared the bill of exceptions, that it was "a paper purporting to be a search warrant issued by the district magistrate of Makawao on or about the 3d day of May, 1904;" that the affiant's information from the clerk was that "the paper disappeared on or about the day of the trial," that the warrant was sworn to by the defendant and signed by the district magistrate of Makawao. If, which we think is not good practice, we were to look to the transcript and affidavit to ascertain the contents of the missing exhibit we could not infer that it related to the plaintiff's premises or that the defendant's affidavit was made of his own knowledge and not upon information and belief which would lay no basis for aggravating damages. In *Territory v. Watanabe Masagi,* 16 Haw. 196, the court intimate in respect of a missing paper referred to in the bill of exceptions that on discovering its absence the attorneys ought to have "made proper application to the circuit court." We are unable to pass upon the legal effect of this exhibit. Even if it were legally admissible it would not tend to establish the plaintiff's right of action. "All that part of this declaration which relates to the search warrant and commitment is mere inducement and even less than inducement; it might have been stricken entirely out of the record and the cause of action would have been complete." *Mills v. McCoy,* 4 Cow. 409. "Mere matter of aggravation, not going to the cause of action, or mere inducement of explanatory matter not in itself essential to or the substance of the case, should not be traversed." 1 Ch. Pl., 16 Am. Ed. 641.

Exception 2 is to the refusal of the court to permit the magistrate to testify concerning the plaintiff coming before him on a charge of feloniously branding Mrs. Von Tempsky's cattle; exception 3, to its refusal to admit in evidence the circuit court record in that case showing that the defendant therein

having appealed from the district magistrate, the case was nolle pros'd June 9, 1904; exception 4, to its refusal to allow the sheriff to testify what took place before the grand jury concerning the charge against the plaintiff; exception 5, to its refusal to allow the magistrate to testify (apparently upon his record of an action against the defendant concerning the Von Tempsky cattle) whether he remembered any one sitting in front of him taking the evidence; exception 6, to its refusal to admit in evidence the record in that case, the court saying "there was nothing in this record that says that Mr. Morton was the instigator of that suit." None of these exceptions can be sustained. "At common law a grand juror could not, ordinarily, become a witness as to facts occurring or testified to in the sessions of the grand jury. 1 Elliott on Evidence, Sec. 641. "The rule as to secrets of grand jurors is generally the same as to prosecuting attorneys, clerks of grand juries, and witnesses before grand juries." Ib. 642. The records of the civil case and former criminal case would not tend to show the defendant's malice or want of probable cause for arresting the plaintiff in the cases for which this action is brought unless they showed facts connecting the plaintiff therewith in such a manner as to justify an inference of malice or want of probable cause, as for instance that he was instrumental in bringing or conducting the cases. We infer that the plaintiff sought to show that the defendant was taking evidence in the civil case, but it cannot be said that this fact would tend to show his malice. Although the exceptions were not so prepared as to enable us to consider the propriety of the nonsuit without intimating an opinion on that question, we observe that the complaint was originally drawn in a form applicable to an action on the case in the nature of conspiracy, in which both defendants are or neither of them is liable, since the conspiracy is the "gist of the action." The plaintiff having discontinued as against the defendant Amundsen, on whose affidavit the warrants of arrest were issued, he apparently claiming the property, other evidence than merely taking out the warrants would be required in order to hold this

defendant on the charge of causing the plaintiff's arrest maliciously and without probable cause. The plaintiff's present attorney calls our attention to facts in evidence which, as he contends, authorized an inference of malice, but for the reason stated we are not at liberty to pass upon their legal effect. The rule, however, has often been laid down in this court that "If an officer acts honestly and with ordinary discretion in commencing prosecutions against persons accused of crime public policy forbids that he should be annoyed and harrassed by suits for malicious prosecutions even in cases where the district magistrate may dismiss the charges." *Gaspar v. Nahale,* 14 Haw. 576.

The exceptions are overruled.

*A. Perry* for plaintiff.

*M. F. Prosser* for defendant.