Sedgwick, J.
The record brought before us in this, case is very informal and irregular, but as the judgment, in its effect, was right, and as, on the trial, the whole question of damages came regularly before the jury, it would be of no avail to reverse the judgment, were it proper, for the irregularity which has been stated. On this part of the case, therefore, the Court give no opinion.
As a general verdict was found on all the counts, if any of them is materially defective, the judgment must * be reversed, for this obvious reason that the Court cannot determine that upon such defective count no damages were given, (a)
*181 To decide on the general question submitted to us, we have not found it necessary, in our consideration, to proceed beyond the two first counts.
To those two counts the objection is, that no promise of the parties to perform the award is alleged. The Court, however, are not satisfied that this is a sufficient reason to authorize a reversal of the judgment. (b) It is true that nothing can aid a defective title; but a good title defectively, set out, will be aided after verdict. Now, in this case, it is alleged, in substance, that the parties mutually submitted the controversies between them to the award of the arbitrators. From such a submission, the law will imply mutual promises to abide the award; and, of consequence, the omission to set forth the legal deduction can be no more than a defect of form. The title of the plaintiffs appears to be good, and however defectively it may be set out, that cannot be a sufficient ground for reversing the judgment.
But when we proceed further in inspecting these two counts, we find there is no allegation that the award was ever published, or made known to the defendant, except by the commencement of *182 the action. This we all think to be a fatal defect; for it is certainly too much to say that an award, without publication or notice, is a good foundation for an action, (c)
Gold for the plaintiff in error.
Hulbert for the defendants in error.
And, besides this, in the second count it is stated that the sub mission was in writing, and that the award was to be returned to the justice for his acceptance; and his judgment thereon was to be final and binding on the parties.
We know of no authority that a justice has to render a judgment on the award of arbitrators; and, therefore, we do not think such a submission binding; but, in any view, the terms of it ought to have been complied with. *The parties did not undertake to perform any award, unless it was accepted by the justice, and his judgment rendered thereon. Now, nothing of all this appears in the count; and, of course, the facts, upon the happening of which alone the defendant agreed to pay, have never taken place.
Upon the whole, we are all of opinion, for the reasons stated, that the judgment must be reversed.

 Mr. Serjeant Williams says, “ It is a settled rule that where there are several counts, and a verdict is entered generally on all the counts, and entire damages are given, and one count is bad, it is fatal, and judgment shall be arrested in loto. — See Benson vs. Swift, 2 Mass. Rep. 50. — Stevenson vs. Hayden., lb. 406. —.Barnes vs. Hurd, 11 Mass. Rep. 5 —However, when a general verdict has been taken, and evidence been given only o; the good counts, the Court will permit the verdict to he amended by *181 the judge’s notes.”—2 Saund. 171, note (1); and see 1 Chitti's Rep. 625, (a) 1 H. Bl. 78, Spencer vs. Goter.—But application must be made within a reasonable, time after trial. — Harrison vs. King, 1 B. & A. 161. — But in Baker vs. Sanderson (3 Pick. R. 358,) Wild, J., said, " The rule was that, where there is but one cause of action, and there are several counts, and a general verdict is returned, the Court will not arrest the judgment, although one count be bad, but will allow the verdict to be altered so as to refer to the good count. So, if the evidence supports one count, and not the others, no new trial will be granted; but judgment will be entered according to the verdict. For as there is but one cause of action, it is immaterial on which count the verdict is taken, or whether it be general or special.” — And see Barnard vs. Whiting. (7 Mass. Rep. 358.) —In Cornwall vs. Gould, (4 Pick. 446,) Wilde, J., said, " The rule is, that when there are several counts for the same cause of action, and a general verdict is returned, it may be altered so as to apply to any one count, because such alteration cannot prejudice the defendant on the question of damages.”—Ed.]

 [In Avery Tyringham, (3 Mass Rep. 16,) Sedgwick, J., said, “It was true that in assumpsit, the declaration must allege a promise. This was the point decided in the case from Lord Raymond, and the other cases cited at the bar. But it was not necessary to use the word promise; any other intelligible word or expression, conveying the same idea, (as agree in the case at bar,) will serve the purpose.” The same seems to have been held in Mountford & Al. vs. Horton, (2 B. P. N. R. 62;) and see the cases in note. — Lee vs. Welch, (Str. 793. 2 Lord Ray. 1517.) — Law vs. Saunders, (Cro. Eliz. 913.) — Buckler vs. Angell, (T. Ray. 123.) — Petersdorf. Ab. Tit. Assump. E. (d,) and the cases there cited. — Com. Dig. Act. Cos. Assump. H. 3, 2 H. Bl. 563, note. — Moody vs. Flournoy, (6 Munf. 506.) — Sexton vs. Holmes, (3 Munf. 566.) — Winton vs. Francisco, (2 Wash. 187.) —Mr. Lawes says, (Plea. Ass. 437,) “The declaration in indebitatus assumpsit must state a promise; and a count on an insimul computassent seems bad, even after verdict for the plaintiff, if it do not state a promise by the defendant to pay the money found due on the account.” It would seem not to be sufficient, in any case, merely to state, in pleading, the facts from which a jury might, in law, find a promise. — (1 Chitty's Pl 266.) Though it may be well enough, after verdict, if a promise has been substantially set forth. — Dole vs. Wecks, (4 Mass. Rep. 451.)— Gilbert vs. The Nantucket Bank, (5 Mass. Rep. 97.) — Hemenway vs. Hicks, (4 Pick. 497.) — Sed vide Brill vs. Neele, (1st Chit. Rep. 619, and note (a.) — Ed.]

 [No averment is required that the defendant had notice of the award being made, unless it were expressly stipulated, by the submission, that the award should be notified to the parties. — Caldw. 195. — 2 Sound, 62, a note (4). For it is a genera] rule, that when a matter does not lie more properly in the knowledge of one of the parties than the other, notice is not requisite. — lb.—Ed.]