HENRY NIBBE, Appellant, v. FREDERICK BRAUHN, Appellee.

APPEAL FROM COOK.

Under a contract to build a house by a fixed date, it will be held, that suffering the contractor to proceed after the day fixed for its completion, and the acceptance of the work at a future day, amounts to a waiver of performance at the time specified in the contract. But the mere extension of time does not affect the other stipulations of the agreement.

A decree giving a mechanics' lien from a day previous to the date of the contract, is erroneous if the rights of third persons are affected by it, but where this is not the case, the decree will not be reversed on that ground alone.

BRAUHN filed his petition in the Cook Circuit Court, to enforce a mechanics' lien against said Nibbe.

The petition alleges that on the 18th day of March, 1857, the parties entered into a contract in writing, by which Brauhn was to build a house for Nibbe, and have the same completed on or before first of June, 1857.

The petition also alleges, that on or about the said 18th of March, 1857, Brauhn did, in accordance with the provisions of the contract, enter upon the erection of the house; and that while laying the foundation, Nibbe stated to Brauhn that " he wanted to have certain alterations made in the structure of said house, materially different from the specifications and plans above referred to, and that he wished to have the size of the house increased;" and that Brauhn " did then and there agree to finish and construct a house upon said premises in accordance with the wishes of said Nibbe, and to make it so far different from the original plan as was then by said Nibbe desired. In consideration whereof, said Nibbe did then and there agree to pay unto Brauhn one hundred dollars over and above the price

mentioned in said contract, payable upon the completion of said house and the acceptance thereof by said Nibbe. That at the time of the above mentioned alteration of the original contract, nothing was said about the time in which said house was to be finished, nor was anything said about any alteration of the terms of payment; but said Nibbe was to pay your petitioner one hundred dollars additional on the completion of the work." That Brauhn " did thereupon build the house in all respects in conformity with the wishes and requirements of said Nibbe in the premises, and under the immediate direction of said Nibbe, and that on or about the first day of September, A. D. 1857, said Brauhn had the said house fully completed and finished, and made delivery thereof to said Nibbe, who then and there accepted the same, and declared himself in all respects and fully satisfied with the same." That Brauhn has received $1,200, and that there remains unpaid $835, and that he has a lien therefor on the premises, which he prays may be enforced, etc.

The answer of Nibbe admits the making of the agreement of 18th March, and also the subsequent agreement mentioned in the petition, but denies performance on the part of Brauhn.

A replication was filed, and on the 7th May, 1859, cause was tried, and the jury found for the petitioner, damages, $898. Defendant moved for a new trial, and the court decided to grant new trial unless petitioner took judgment for only $725, to which he consented, and judgment was entered accordingly. And it was also decreed, that all right, title, claim and demand which the said defendant, on the eighth day of March, 1857, had in and to the premises, and the buildings thereon described in the petition, should be sold by the master in chancery, to pay the debt and costs. From which judgment and decree, Nibbe took an appeal to this court.

FARWELL, SMITH & THOMAS, for Appellants.

MCKINDLEY & NICHOLES, for Appellee.

BREESE, J. The petition in this case sets out a contract to complete the building by a day certain — the first day of June, 1857. It then avers, that whilst the building was in progress, an alteration in the plan was insisted upon by the appellant, involving an additional expenditure of one hundred dollars, and enlarging the building to some extent, in regard to which there was no stipulation as to the time when the whole work, including the enlargement, should be completed. Still, the original contract provided that the building should be completed

by the first day of June. The answer alleges, that though nothing was said in the agreement about the alterations, when the work was to be completed, yet it was understood by the parties, that it was to be finished at the time agreed upon in the original contract, that is, by the first day of June.

·This, then, must be considered an admission, that the building was to be completed by the first of June. A precise time, then, is shown, within which the contract was to be completed. That parties, while work is in progress, may extend the time for its completion, cannot be questioned. Owing to the alterations demanded by appellant, further time became necessary for the completion of the building, and it was extended by agreement, to the first day of September, 1857, at which time it was completed and accepted by the appellant, and therefore, the contract was as fully performed as though it had been finished on the first day of June. We would hold, that appellant having permitted the contractors to proceed on the work after the first day of June, and accepting the work at a future day, has waived the performance on the day fixed, and that a mere extension of time of performance, does away with none of the stipulations—an agreement to extend the time waives nothing more than the time of performance.

The appellant makes the point, that the petition is defective, in not averring that the work was completed within the time required by the contract. But this is not assigned for error, and therefore cannot be noticed.

The decree gives a lien from the eighth day of March, 1857, ten days prior to the time of making the contract. This would vitiate the decree if there were other parties interested in this proceeding, who might be affected by it; but there are no other parties on the record, than the material man or contractor, and the owner of the lot, and of course no person can be injured by the error. It is not sufficient to reverse the decree, and it must be affirmed.

*Decree affirmed.*