## PARR *v.* VAN HORNE.

### (April Term, 1865.)

1. MOTION FOR A NEW TRIAL *after judgment—its effect.* The entering of a motion for a new trial in the court below, after the entry of the judgment, will not operate in any way to suspend the judgment or to impair its force or conclusiveness.

2. MOTION FOR A NEW TRIAL—*how disposed of.* If a motion for a new trial be made before judgment, the entry of the judgment will operate as a denial of the motion, without its being formally disposed of.

3. BOND FOR COSTS—*when required—insolvency of plaintiff in error.* Where it appears the plaintiff in error has no property out of which the costs of the suit can be collected, he will be ruled to give security therefor.

WRIT OF ERROR to the Circuit Court of Will county.

Mr. URI OSGOOD, for the defendant in error, moved the court for a rule upon the plaintiff in error to file a bond for costs in this case, or to show cause why that should not be required. This motion was based upon an affidavit of the defendant, that he had for a long time been acquainted with the plaintiff and with her pecuniary circumstances, and that he did not know of any property belonging to her, liable to execution, from which the costs in this suit could be collected, and he did not believe such costs could be collected of her by law.

At the same time, the defendant entered his motion to dismiss this writ of error, upon the alleged ground that it appeared from the record that final judgment had not been rendered in the court below, and that a motion for a new trial was still pending therein.

It appears from the record that this was an action of ejectment brought by Van Horne against the plaintiff in error. Upon the trial below, the jury returned a verdict for the plaintiff. The record shows the entry of the verdict and also the following proceedings, consecutively: First, a motion by the plaintiff that judgment be entered upon the verdict, and that a writ of possession be awarded, which was done. Next, after the entry of the judgment as follows: " Thereupon comes the said defendant and enters her motion for a new trial herein," which does not appear to have been formally disposed of.

Per CURIAM: It appears from the record that final judgment was rendered before the motion for a new trial was made. The entering of such a motion after judgment could not operate in any way to suspend the judgment or to impair its force or conclusiveness in the court below. It is possible the motion for a new trial was made, in order of time, before the judgment was pronounced, and the entries, by mistake, making it appear to have been made subsequently. Even if that be so, the effect of the record would be the same; for the rendering of the judgment would of itself have to be regarded as a

denial of the motion for a new trial, and would be none the less a final judgment because of the omission of a formal overruling of the motion. The motion to dismiss the writ of error upon the ground alleged must be denied.

We think, upon the other motion, the affidavit presents sufficient grounds for a rule upon the plaintiff in error to file a bond for costs, or show cause why that should not be required, and it will be so entered.