SIMEON B. FOSTER *v.* SARAH WORTHINGTON.

*Contract. Waiver of Time. Building House. Damages.*

The plaintiff entered into a contract to build a house for the defendant by a time certain for $2,250, of which $500 were to be paid in advance, and the balance was to be raised by mortgage on the house, which was to be negotiated by the plaintiff. The plaintiff failed both to negotiate the mortgage for *the full amount,* and to complete the house by the time agreed on, but was allowed to continue the work nearly two months afterwards, when the defendant took exclusive possession and finished it; *Held,* (1) that the defendant waived the materiality of time; (2) that by stopping the plaintiff she virtually refused to permit him to raise the money by mortgage; (3) that the defendant cannot complain of the rule adopted by the court below as to damages,—namely, that the plaintiff could recover what his labor and materials were worth to the defendant; because, first, she admitted, if liable, that this was the correct rule; and, second, no exception was taken to the charge as to damages.

ASSUMPSIT in the common counts. Trial by jury, September Term, 1885, VEAZEY, J., presiding. Judgment for the plaintiff.

The plaintiff and defendant entered into a contract in writing dated the        day of        1884, providing in substance that the plaintiff was to furnish all the material and build a dwelling-house for the defendant on her lot in Rutland, and deliver it completed according to said contract by September 1, 1884, for the sum of $2,250, five hundred dollars to be paid in advance and the balance to be raised on a mortgage on said premises; and the plaintiff was to find a person to take the mortgage and furnish the money thereon.

The contract provided that the plaintiff was "to find and furnish parties to take a mortgage and furnish money to complete building." The mortgage, which the plaintiff sent to the defendant to execute, was written for $1,000.

The plaintiff's evidence tended to show, that he proceeded under said contract (having received $500 from the defend-

ant) to build said house according to said contract, except
as he deviated therefrom by request and direction of the
defendant through her agent, one Blakeley, and expended in
labor and material on said house a large amount and brought
the same nearly to completion, when the defendant inter-
posed and discharged him and refused to allow him to go
on further with said job, and took possession with carpen-
ters, and went on and completed said house; that his labor
and material which he put into the house were such as the
contract called for; that after the cellar was completed and
as the plaintiff required more money, he found a person
ready to advance the sum on a mortgage on said premises,
and he had a mortgage drawn and the same was sent by
the said Blakeley to the defendant to be executed; but she
held it along and neglected and refused to execute it; and
that this greatly embarrassed and delayed him in his work.

The plaintiff claimed to recover only for the value of his
labor and material in excess of said $500 paid as aforesaid,
and waived all claim for damages under said contract.

The defendant claimed that the plaintiff could not recover
anything under his declaration in the common counts; and
moved for a verdict to be directed on the plaintiff's showing.
The court declined to so rule, to which the defendant ex-
cepted.

The defendant's evidence tended to show that the plaintiff
violated the contract in quality of labor and material; and
that she ordered no changes from the contract.

The contract was dated May 19, 1884 ; the unexecuted
mortgage, August 1, 1884. The other facts are sufficiently
stated in the opinion of the court.

*Redington & Butler*, for the defendant.

The exceptions show the house was not completed by
September 1st. Plaintiff claims the delay was caused by
defendant's refusing to sign mortgage. The mortgage itself
shows it was not such a mortgage as the contract called

for; hence, defendant claims that she discharged plaintiff because he did not go on according to the contract; that it was plaintiff and not herself that terminated the contract.

The contract was entire. Chit. Con. 565, 570; *Sinclair* v. *Bowles*, 9 B. & C. 92.

A party cannot recover on the common counts under an entire contract where he himself is at fault. *Jones* v. *Marsh*, 22 Vt. 144; *Kettle* v. *Harvey*, 21 Vt. 301; *Mullin* v. *Gilkinson*, 19 Vt. 503; 18 Wend. 187.

The termination of the contract was in consequence of the default of the plaintiff. Chit. Con. 738; 2 M. & W. 582.

The stipulations were conditions precedent; and the non-performance of these frees the defendant from all liability. Chit. Con. 741; *Hare* v. *Bell*, 6 Vt. 35; 6 Vt. 385; *St. A. S. B. Co.* v. *Wilkins*, 8 Vt. 54; *Real* v. *Moore*, 19 Johns. 337.

In this case plaintiff, to recover, should prove a reason for the non-completion of the house by the time specified; but the evidence shows plaintiff himself was at fault, as he did not furnish such a mortgage as the contract called for. *S. M'f'g Co.* v. *Armstrong*, 19 Me. 147.

*Lawrence & Meldon* and *P. R. Kendall,* for the plaintiff.

General assumpsit was the proper form of declaration.

When defendant stopped the plaintiff in the performance of the contract, such act worked a completion thereof on the part of the plaintiff, so far as his rights of recovery are concerned, as much as though he had fully performed according to the strict terms of the contract; and if up to that time plaintiff had fulfilled on his part he would be entitled to pay for his labor and materials furnished, and any special damages he might suffer by reason of the breach of contract on the part of the defendant. Whar. Con. ss. 312, 603; Chit. Con. 617; SHEPLEY, J., in *Hill* v. *Milburn*, 17 Me. 316; *White* v. *Oliver*, 36 Me. 92; *Morrow* v. *Huntoon*, 25 Vt. 10; *Derby* v. *Johnson*, 21 Vt. 17; *Dyer*

v. *Claggett*, 39 N. H. 431; *Swift* v. *Harriman*, 30 Vt. 607; *Brackett* v. *Morse*, 23 Vt. 554; *Gilman* v. *Hall*, 11 Vt. 510; *Dyer* v. *Jones*, 8 Vt. 205; MELLISH, L. J., in *Panama Tel. Co.* v. *India Rubber Tel. Works*, L. R. 10 Ch. 532.

The opinion of the court was delivered by

ROWELL, J.   The defendant makes only two points in argument.   One is, that raising the money by mortgage in the manner stipulated, in order to enable the plaintiff to prosecute and complete the work within the time fixed, and completing the work within that time, were conditions precedent, which, not having been performed, the plaintiff must show that he was not in fault in not performing, before he can recover anything, which he has not done, as his lack of funds and consequent failure to complete the work within the time, were due to his own fault in not negotiating a mortgage for the full balance of the contract price, the defendant rightly neglecting and refusing to execute one for a less sum.   The other point is, that the rule of damages was wrong.   As to the first point: The house was to be completed by the first day of September, 1884.   It was not completed then, and the plaintiff kept on with the work as before until the latter part of the next month, when the defendant stopped his further work, and went on and completed the house herself.   Now, conceding—what we do not decide—that these were conditions precedent, and that the defendant was in fault in the respect claimed, yet his right of recovery is not wholly taken away thereby; for when work is to be done by a time certain, the employer, by allowing it to go on afterwards, thereby treating the contract as still in force, waives the materiality of time, and can claim only such damage as he has sustained by reason of the delay, for it would be a fraud on the employé for the employer to lie by in such a case and see the work go on and then step in and take the benefit of it without

paying for it. *Sinclair* v. *Tallmadge,* 35 Barb. 602; *Nibbe* v. *Brauhn,* 24 Ill. 268.

As to plaintiff's not raising money to pay himself by negotiating a mortgage on the house as stipulated, the defendant, by stopping plaintiff's further prosecution of the work, and going on and completing it herself, has virtually refused to permit him to raise money in that way, and so she must pay in the ordinary way, if she is otherwise liable.

As to the measure of damages: The plaintiff was permitted to recover what his labor and materials were worth to the defendant, she having taken the benefit of them, whereas defendant claims the way was, to estimate the whole work at the contract price, and deduct from that the amount requisite to complete the part left unfinished.

But there are two reasons why we need not inquire into this matter. One is, that the defendant admitted in the court below, if she was liable at all, that the rule of damages adopted was correct; and the other is, that no exception was taken to the charge on the subject of damages. The defendant excepted only to "the refusal of the court to charge as requested, and to the charge *on the points of the requests* not complied with"; but there was no request on the subject of damages.

Judgment affirmed.