# Andrew Portoues

## v.

# Henry Holmes et al.

*Mechanics' Liens—Intervening Petitions—Parties—Pleading—Chap. 82, R. S., Secs. 1, 2, 3 and 5—Master—Finding of—Exceptions.*

1. Alleged errors that do not affect the party complaining should not be considered.

2. The first and second sections of the Lien law. Chap. 82, R. S., give a lien in all cases for work or material furnished at the instance of the owner of any interest in land for anything which, by being furnished for that purpose and attached to the premises, becomes the property of such owner as part of his interest in the land.

3. Petitions for mechanics' liens must truly describe the contract entered into, what was done under it, and if no time was fixed by it for performance the law will imply it to be a reasonable time, and in the latter case if performance is complete within a year, the lien attaches.

4. It is not necessary by express words to negative Sec. 3 of the Lien law, which sets forth the exceptional cases in which no lien can exist, but only by affirmative description of the contract so far as it was express, and of the acts done in the performance of it, show what the whole case is, and if so shown nothing repugnant to the provisions of such section appear, a lien exists.

5. A decree adopting a master's report amounts to the overruling of exceptions thereto.

6. Upon a petition filed for a mechanics' lien this court holds that the complaint of the defendant that the *cestui que trust* under a trust deed was not made a party defendant should not be considered, upon the ground that the error, if any, does not affect him; that the contention that certain intervening petitions do not specify when work was to be done and material furnished is not supported by the evidence; that the fact that the decree of sale is several as to the petitioners in the several petitions, cures the omission of one of two pieces of land from the original petition, but included in the intervening petitions, in so far as to warrant the participation of the original petitioners in the proceeds of the sale decreed in behalf of the intervening petitioners, and that the defendant's exceptions, save one, to the master's report, can not be considered for want of certainty.

[Opinion filed June 14, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Portoues v. Holmes.

Messrs. WILSON & ZOOK, for appellant.

Messrs. THORNTON & CHANCELLOR, for appellees.

GARY, J.   This is a mechanics' lien case in which the appellee Holmes and his partner, Elliott W. Sproal, filed the original petition against the appellant and Albert White, as owners.   The other appellees filed intervening petitions.

The appellant objects that though the holder of a deed of trust in the nature of a mortgage is made a defendant, the *cestui que trust* is not.   It is a sufficient answer that if there were any error in that respect, it does not affect the appellant, and he can not complain of it.   The same rule applies whether the case be at law or in equity.   Grier v. Puterbaugh, 108 Ill. 602; Worden v. Crist, 106, 326.   And such *cestui que trust* is not injured, for the decree is that the sale of the premises is to be subject to the incumbrance, and besides, none but parties are affected by the decree.   Dunphy v. Riddle, 86 Ill. 22.

It is also objected that the intervening petitions, one on behalf of a plumber, and the other for lumber furnished, do not specify when the work in the one case and the lumber in the other was to be done or furnished.   Those petitions do show that the work was done and the lumber furnished by May 31, 1884, for houses being erected in 1884, and that payment was to be made within four months after the last work done or lumber furnished.   In general terms it may be said that the first and second sections of the statute of March 25, 1874, Chap. 82, R. S., in relation to liens, give a lien in all cases for work or material furnished at the instance of the owner of any interest in land, for anything, which, by being furnished for that purpose and attached to the premises, becomes the property of such owner as part of his interest in the land.   The third section specifies the exceptional cases in which no lien shall exist.

The fifth section is: "The bill or petition shall contain a brief statement of the contract on which it is founded, if expressed, or if the work is done or materials are furnished under an implied contract, the bill or petition shall so state

and shall show the amount due and unpaid, a description of the premises which are subject to the lien, and such other facts as may be necessary to a full understanding of the rights of the parties." Now the rule of pleading, at law, has been settled for generations, that in pleading, whether upon contracts or statutes, if there be first "a general clause, and afterward a separate and distinct clause, something which would otherwise be included in it, a party relying upon the general clause, in pleading may set out that clause only, without noticing the separate and distinct clause which operates as an exception." Such an exception is matter of defense, and ought to be shown in pleading by the opposite party. 1 Ch. Pl. 246-7, 16th Am. Ed.

And it is only untechnical, and a matter of form, to omit what the law implies from the facts that are alleged. Ibid. 309; Kinsley v. Bill, 9 Mass. 197. And "although the rules of pleading in courts of equity, especially in the case of bills, are not so strict as those adopted in courts of law, yet in framing pleadings in courts of equity the draftsman will do well (says 1 Daniell's Ch. 362) to adhere as closely as he can to the general rules laid down in the books which treat of common law pleadings, whenever such rules are applicable to the case which he is called upon to present to the court," and he follows with good reasons for his advice. It must be confessed that from the numerous decisions of the Supreme Court on the subject of mechanics' liens, an anxious reader is left in painful uncertainty as to what rules apply to petitions for their enforcement; but the conclusion at which this court has arrived is that the petitioner must truly describe the contract he actually had, and what he did under it, and then, if no time was fixed by it for performance, the law will imply that it was to be in a reasonable time. That portion of the contract is then an implied contract, and if performance was complete within a year from the commencement, the lien attaches. It is therefore not necessary, by express words, to negative the language of the third section, but only by affirmative description of the contract so far as it was express, and of the acts done in the performance of it, show what the whole

case really is; and if, so shown, nothing repugnant to the pro-
visions of the third section appear, a lien exists.

The decree is for the sale of premises described as the
north forty-nine feet of one lot and the south nineteen feet
of another. The original petition only describes the forty-
nine feet. The intervening petitions describe both parcels.
If the decree must stand or fall upon the original petition, it
must be reversed. But the decree is several as to the peti-
tioners in each petition. If the decree is right as to the
intervenors, so much of it would stand, and the sale take
place, though the part relating to Holmes and Sproal were
reversed. Rees v. Chicago, 38 Ill. 322, and cases there cited.
This defect in their petition was not adverted to in the Supe-
rior Court, and is plainly a mere slip. As under the decree for
the intervenors the premises are to be sold, no wrong is done
by permitting the original petitioners to share in the proceeds.
If, indeed, the appellant shall pay off the intervenors, without
a sale, it probably will follow that a sale of nineteen feet
under the decree in favor of the original petitioners will pass
no title to the nineteen feet, being beyond the jurisdiction of
the court on that petition. In that contingency, by some appro-
priate proceeding, as by a bill of review, the decree may be
made to conform to the petition. It is not a practical matter
affecting the real rights of the parties or the justice of the
case.

The appellant says truly in his brief, that the case was such
as requires a reference to a master. That subject has been
considered in Huling v. Farwell this term. In fact there was
a reference "to take proofs and report the same," and it is
objected that he had no authority to report conclusions. The
appellant treated the case in the Superior Court as properly
referred to the master with full powers to him. Before the
master, the appellant filed objections to the master's conclu-
sions and repeated them as exceptions to the report before
the court. In all this he followed the regular order of chan-
cery practice. But in his objections and exceptions, the same
want of certainty appears in this case, as in that last cited.
It can not be ascertained whether any one of them is well
taken without a full examination of all the evidence in the

case.   One already familiar with the case would know what part of the evidence to look to for information as to either claim, or any question involved, but to a court taking up the record as a new matter, the exceptions only show that the appellant is dissatisfied with the report, in general and detail.

The only exception that can be considered without examination of the whole evidence, is, that the master has reported a prior incumbrance, but has not reported the separate value of the land and improvements.   If the premises were to be sold discharged of that incumbrance, that exception would be well taken under Sec. 17 of the Lien act, but as they are to be sold subject to it, the separate value is immaterial.

The record does not support the assertion in the brief that it does not appear that the master's report was before the court. The report is copied into the record as filed June 3, 1885, and the decree recites that the cause came on to be heard upon certain bills and answers "together with the report," etc.

There is no formal order upon the exceptions to the report, but a decree adopting its conclusions in effect overrules the exceptions.   Anderson v. Henderson, 124 Ill. 164.   The rule at law is the same as to the motion for a new trial.   Parr v. Van Horne, 40 Ill. 122.   Aside from the conduct of the appellant in treating the proceedings before the master as on a full reference, his objections to the master's authority are answered by the case of Hess v. Voss, 52 Ill. 472.   Before making the point that the sale will be without redemption the writer of appellant's brief should have read Sec. 16, Ch. 77, R. S., and several sections following.

What may be the real merits of the several claims upon the facts, is a subject upon which this court can make no inquiry without departing from the regular course of chancery practice, and making a precedent, to follow which would impose upon this court labors not belonging to it, and which, with the press of business, it has no time to perform.   The decree is affirmed.

*Decree affirmed.*