## MATHIAS BENNER AND WILLIAM D. KENT

### v.

## WILLIAM SCHMIDT.

*Mechanics' Liens—Punctuality in Carrying out Contract.*

1. There is no peculiar rule of pleading especially and only applicable to petitions for mechanics' liens.

2. If there be any discrepancy between the contract attached as an exhibit and the description of it in the petition in a mechanic's lien case, the exhibit governs.

3. Where a contractor carries out his contract to furnish material, but not as punctually as the contract provided, damages for the delay may be recouped from the contract price; such contractor, having complied with the statute touching mechanics' liens, is entitled to a lien.

[Opinion filed May 2, 1892.]

IN ERROR to the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. OLIVER & SHOWALTER, for plaintiffs in error.

Mr. EDMUND FURTHMANN, for defendant in error.

GARY, J. The plaintiffs in error, complainants below, by a written contract with the defendant, made April 27, 1889, undertook to furnish and put in place (as their petition stated), some iron for buildings of the defendant.

The contract itself, attached as an exhibit to the petition, only required them to furnish the iron. During the year 1889 they did all that was required of them, either by their contract or by the mechanic's lien law, but not punctually as the contract provided. Their material went into the building. If the defendant suffered any damage by the delay, he may recoup such damage out of the price, but the plaintiffs do not give away their iron by their delay. Nibbe v. Brauhn, 24 Ill. 268; 1 Ch. Cont., 1082. If there be any discrepancy between the contract attached as an exhibit and the description of it in the petition, the exhibit governs. Field v. Brokaw, 40 Ill. App. 371.

Then the plaintiffs, showing by their petition that they did what the contract required of them, though not punctually, show that they are entitled to pay therefor, and being entitled to pay, and having complied with the statute as to statement and notice, they were entitled to a lien. Portoues v. Holmes, 33 Ill. App. 312; S. C. as Portoues v. Badenoch, 132 Ill. 377.

It is the doctrine of this court that there is no peculiar rule of pleading, especially and only applicable to petitions for mechanics' liens. The general rule quoted and applied in Portoues v. Holmes, 33 Ill. App. 312, has been often recognized as a general rule in the Supreme Court. Great Western R. R. Co. v. Hanks, 36 Ill. 281.

Nothing alleged in this case is opposed to the third section of the Statute of Liens.

As we infer from the argument of the defendant, it was held below, that the plaintiffs could have no lien unless they were punctual as to time. If literal performance of a provision of the contract, not going to the whole consideration, were necessary to give the lien, all variations or departures in matters of detail would prevent liens; a consequence never thought of by anybody.

The demurrer to the petition was wrongly sustained. The decree dismissing the petition is reversed and the cause remanded.                    *Reversed and remanded.*