# David L. Newborg

## v.

# Leopold M. Freehling.

*Limitation—Statute of—Sec. 18.—Pleading—Statutes.*

1. Where a statute is relied upon for a recovery or as a defense, the pleader need not refer to or negative an exception or proviso, where it is not contained in the enacting clause.

2. In the case presented, this court holds that defendant's demurrer to plantiff's second replication should have been overruled; that if defendant desired to avail himself of the benefit of the exception to the statute in question he should have set it up by way of rejoinder, and that the judgment for the defendant can not stand.

[Opinion filed December 7, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

The action in this case was brought on a judgment rendered in the State of Michigan. The defendant pleaded the Illinois statute of limitations of five and ten years respectively, to which the plaintiff under leave filed four replications. Defendant having demurred to such replications, the court below sustained said demurrer and entered judgment for costs against the plaintiff.

The second replication alleges that at the time the cause of action accrued, defendant was out of the State, and afterward returned, which return was the first to the State after the accruing of the several causes of action, etc., and also alleges that plaintiff commenced this action within five years after defendant's first return as aforesaid.

Mr. ISRAEL COWEN, for appellant.

. Messrs. BLUM & BLUM, for appellee.

WATERMAN, P. J. Section 18 of the statute of limitations is as follows: " If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the times herein limited, after his coming into or return to the State. * * * But the foregoing provisions of this section shall not apply to any case when, at the time the cause of action accrued, or shall accrue, neither the party against nor in favor of whom the same accrued, or shall accrue, were or are residents of this State."

This section in its first clause states a condition which will constitute a bar to the running of the statute; it then states an exception to the rule created by the first clause. The plaintiff was not bound in his replication to negative such exception. If the defendant desired to avail himself of the benefit of the exception, he should have set it up by way of rejoinder.

" It is a well recognized rule of pleading that where a statute is set up and relied on for a recovery or as a defense, the party pleading need not refer to or negative an exception or proviso, unless it is contained in the enacting clause." Hyman v. Baine, 83 Ill. 256; Partoues v. Holmes, 33 Ill. App. 312; 1 Chitty's Pleadings, 246-7, 16th Am. Ed.

The demurrer to the second replication should have been overruled.

For the error indicated, the judgment of the Circuit Court is reversed, and the case remanded.

*Reversed and remanded.*