## Luther L. Ferriss and Joseph Lapham v. Commercial National Bank of Chicago.

1. APPEARANCE—*Entry of, by Attorneys.*—As to the authority of attorneys to enter the appearance of defendants in suits, the court will take notice of the fact that they are attorneys at law, practicing at the bar. The presumption is that as such they have authority, and that an appearance entered by them is regular.

2. PRACTICE—*Motion to Set Aside Verdict Overruled by Entry of Judgment.*—The entry of a judgment upon a verdict, while a motion is pending to set it aside, is in effect an overruling of the motion.

3. AFFIDAVITS—*By Notaries Outside of the State.*—An affidavit made before a notary public out of this State, whose certificate does not state that by the laws of the country where it was made, he had authority to administer the oath, is a nullity in the courts of this State.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Declaration; special count on promissory note and two common counts; appearance entered and trial by consent; judgment for plaintiff; error by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed October 15, 1894.

BRIEF FOR PLAINTIFF IN ERROR, JAMES A. FULLENWIDER, ATTORNEY.

It was error for the court to enter judgment on the verdict while the motion to set it aside was pending and undetermined; and particularly, without notice to defendants. Mattoon v. Hinckley, 33 Ill. 208; McKee v. Ludwig, 30 Ill. 28; Atchison, T. & S. F. R. R. Co. v. Nichols, 8 Col. 188, 5 Pac. Rep. 512; Reynolds et al. v. Anspach, 14 Ill. App. 38; Haywood v. Collins, 60 Ill. 328; Newell v. Coldfelter, 3 Ill. App. 259.

WEIGLEY, BULKLEY & GRAY, attorneys for defendants in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Here was a suit upon a promissory note dated January 10, 1894, made by the plaintiffs in error in the firm name of L. L. Ferriss & Co., to the defendant in error, and payable

on demand after date, wherein, on the day the suit was begun and the declaration filed, there was filed an entry of appearance as follows:

"We hereby enter our appearance for and on behalf of the defendants in the above entitled cause, waiving service of process and consenting that an immediate trial may be had of said case. Dated January 12, 1894.

Abbott & Baker,<br>Attorneys for Defendants."

A jury was called on the same day and a verdict returned for $17,500, the full amount of the note. On the next day a special appearance of the defendants was by leave of court entered by James A. Fullenwider, Esq., for the expressly limited purpose of moving the court to set aside the verdict for insufficiency of service and want of jurisdiction of the persons of the defendants, and such motion was filed. The grounds assigned for said motion call in question the authority of Abbott & Baker to enter the defendants' appearance in said court, the consideration of the note and the manner of obtaining it, the indebtedness, and other matters connected with the note. Without any express order overruling the motion to set aside the verdict, judgment was, on January 20th, entered upon the verdict *nunc pro tunc* as of January 12th, and on the same day a motion was made under the special appearance in the cause to vacate the judgment and to continue the hearing of said motion for one week to enable certain affidavits of the defendants, who then resided out of the State, to be procured in support of the motion, but said motion was denied.

Again, on January 27th, the defendants under their special appearance moved the court to set aside the order of January 20th, overruling the motions to vacate the judgment, and to continue the hearing thereof for one week, and renewed their motions which had been so overruled, and in support thereof offered to read certain purported affidavits of the defendant Ferriss and five other persons taken in the Dominion of Canada, and one other affidavit of the defendants' counsel taken in Illinois, but the court refused to permit said affidavits to be read, and refused to vacate said

order of January 20th, and refused to enter an order over-ruling said last mentioned motion made on said January 27th.

Coming to consider the questions so presented by the record, we do not regard the entering of judgment upon the verdict while the motion to set aside the verdict was pending and undisposed of, as more than an informality. The entering of judgment was action upon the same subject-matter, and was in effect an overruling of the motion. Parr v. Van Horne, 40 Ill. 122; Portoues v. Holmes, 33 Ill. App. 312; Blemel v. Shattuck, 133 Ind. 498.

As to the authority of Abbott & Baker, the attorneys at law who entered the appearance of the defendants in the suit, to so appear, the court will take notice of the fact that they are attorneys at law practicing at the Illinois bar, and the presumption is that they had the authority and that their appearance was regular. That presumption can only be overcome by proof, and it will exist until the contrary is shown. Such is the uniform rule where the proceedings are had in open court, although not where judgments are confessed in vacation. Ransom v. Jones, 1 Scam. 291; Martin v. Judd, 60 Ill. 78; Leslie v. Fischer, 62 Ill. 118.

The attack upon the authority of Abbott & Baker to enter defendants' appearance, and upon the *bona fide* character and validity of the note sued upon and its consideration, and upon the manner in which its execution was obtained, is based upon what purport to be affidavits by the defendant Ferriss and other persons, executed in the Dominion of Canada, being the same purported affidavits that the court below refused to permit to be read on the motion already referred to. The court properly refused to hear them. The venues to the purported affidavits are as follows:

"Dominion of Canada, &rbrace;
  Province of Ontario, &rbrace; ss.
    County of York," &rbrace;

And the jurat to one affidavit is:

"Subscribed and sworn to before me this 19th day of January, A. D. 1894.

[SEAL.]                                    T. G. BLACKSTOCK,
                                              Notary Public."

And to the others is precisely the same except as to date and name of the notary public.

Section 6, Chapter 101, Revised Statutes, entitled " Oaths and Affirmations," provides:

" When any oath authorized or required to be made is made out of the State, it may be administered by any officer authorized by the laws of the State in which it is so administered, and if such officer have a seal, his certificate under his official seal shall be received as *prima facie* evidence without further proof of his authority to administer oaths."

In Smith v. Lyons, 80 Ill. 600, it was held that under that section an affidavit made before a notary public in Kentucky whose certificate did not state that by the laws of that State he had authority to administer oaths, was a nullity in the courts of this State. The notaries public before whom the papers were sworn gave no certificate of their authority to administer oaths in Canada, and there was therefore nothing offered to be read to the court that was entitled to consideration upon any of the questions before it.

The affidavit of counsel who entered the special appearance, did not purport to attack the truth of matters of which in the nature of the circumstances he could not have had personal knowledge. This view of the case makes it unnecessary to take notice of the motion of defendant in error to strike the bill of exceptions from the record.

These considerations we regard as embracing the whole case before this court and the judgment of the Circuit Court will therefore be affirmed.