## Winkle Terra Cotta Company v. The Galena Safety Vault and Trust Company et al.

1. MECHANICS' LIENS—*Time of Performance.*—A petition for a mechanic's lien, which alleges that one of two defendants undertook to erect a building for the other and contracted with the petitioner for work and materials to be paid for upon the presentation of architect's certificates, sufficiently fixes the time for the performance of the contract.

2. SAME—*Original and Modified Contracts.*—The parties to a contract may modify it, and if as modified it would have been valid originally, and the performance of it a basis for a lien, the fact that performance was not according to the terms of the original, but of the modified contract, does not defeat the lien.

**Petition for a Lien.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

EDWIN WHITE MOORE, attorney for appellant.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant filed this petition against the Vault company and Michael Greenebaum's Sons Company to enforce a mechanic's lien upon the premises of the Vault company. The petition was dismissed upon separate demurrers of the Sons company and the Vault company.

The petition alleges that the Sons company undertook to erect a building for the Vault company, and contracted with the appellant for work and materials to be paid for " upon the presentation" of architect's certificates—fixing no time.   The appellees rely upon Adler v. World's Pastime Ex. Co., 126 Ill. 373, as holding that the time of payment not being fixed by the contract, no lien could accrue. Without attempting to distinguish this case from that, it appears that the court there first held that the contract itself was for a kind of service which, in part, could not create a lien, and that as a lien must be for all or none, there could be no lien for the other part.

The question here involved was apparently very slightly considered, and the authorities there cited are a part of those giving rise to the " painful uncertainty" of which mention is made in Porteous v. Holmes, 33 Ill. App. 312, affirmed as to the lumber dealer there alluded to, though without comment upon the principles of the opinion here, in Porteous v. Badenoch, 132 Ill. 377.

We adhere to these principles, and deem it unnecessary to repeat them.   Benner v. Schmidt, 44 Ill. App. 304.

The next objection is, that the petition does not show that any architect's certificates were presented.

The petition alleges a settlement with the Sons company,

and its promise to pay the balance unpaid. The Vault company was no party to the contract. Those who made could modify it, and waive any part of its provisions.

If, as modified, the contract would have been valid originally, and performance of it a basis for a lien, the fact that performance was not according to the terms of the original, but of the modified contract, does not defeat the lien.

That is the principle of Nibbe v. Brauhn, 24 Ill. 268; of Baxter v. Huchings, 49 Ill. 116; of Paddock v. Stout, 121 Ill. 571; of Michaelis v. Wolf, 136 Ill. 68; and of common sense. Benner v. Schmidt, 44 Ill. App. 304.

The petition alleges that on a day named "the said sub-contract of your petitioner was fully completed by the final delivery of all of the materials required thereby, and the construction and finishing of the terra cotta and the setting of the same; and said contract, and all of the specifications and requirements thereof, were on said day fully and exactly performed by your petitioner."

In citing Short v. Kieffer, 142 Ill. 258, as authority that such allegation of performance is insufficient, the appellee's counsel forget that the bearings of an opinion lie in the application of it.

When performance is a question of fact for a jury, the general allegation is the most proper; when a question of law for the court, the manner of performance must be stated. Byrne v. McNulty, 2 Gilm. 424, cited in Chi., Mil. & St. P. Ry. v. Hoyt, 44 Ill. App. 48.

The residue of the appellee's brief is answered by what is already said, except an objection that the appellant did not serve, with its notice to the Vault company, a copy of its final contract with the Sons company.

As whatever modifications there were, were oral, no copy could be served. Sec. 31, Ch. 82, 1874.

The petition is sufficient, if true, and the appellant must be allowed to try to prove it.

The decree is reversed and the cause remanded, with directions to overrule the demurrers.

Reversed and remanded with directions.