(Superior Court of Cincinnati.)
Special Term, August, 1898.

JOHN H. GRUSSELL v. JOHN A. POLL.

----

(1). A motion for a new trial retains the cause in the trial court until it is disposed of, but suspends the judgment only so far as the appellate court is concerned.

(2). Where a judgment is pending in the trial court for review there on a motion for a new trial, the trend of American authority seems to be against any per se suspension of the judgment or of its enforcement by reason of the motion. The party in whose favor the judgment is entered, is entitled to his execution immediately, and he cannot be deprived of or delayed in his right by any mere act of the opposing party. If a temporary stay is obtained, it is through the inherent power of the court that justice may be done.

(3). The scheduling and appraising of personal property covered by a writ of attachment is for the protection and benefit of the defendant, and where a schedule and appraisement is omitted by order and consent of the defendant, and no rights of other creditors are involved, he will not be heard to object to such omission.

DEMPSEY, J.

At the July Term of this court two cases between the above named parties, involving controversies over moneys due on notes and due bills, were by consent of the parties tried upon submission without a jury to his Honor, Judge Smith, and both resulted in findings and a judgment duly entered for the plaintiff. Within three days after the entry of said judg-

ments the defendant, Poll, filed in each case his motion for a new trial therein on grounds set forth in said motions. Judge Smith being now away on his vacation, said motions for a new trial have not been presented to and passed upon by him.

At the time of beginning his action plaintiff also instituted attachment proceedings whereby certain personal property of defendant was seized by the sheriff, as also certain interests of the defendant in real estate. An inventory and appraisement of the real estate was made by the sheriff as required by the statute, but the personal property was not "scheduled or appraised by order of plaintiff's attorney and the defendant, John A. Poll." At the time the judgments were entered, there was incorporated into the judgment entry an order for the sale of all of the attached property in the possession of the sheriff to satisfy the judgment and costs, and if there be not enough to satisfy the same, then that the judgment shall stand and execution issue for the residue. Under *precipe* from the plaintiff an order of sale and execution has issued to the sheriff for the enforcement of said judgments.

Defendant now files his motion in each of said cases for a stay of the proceedings of the sheriff under the said order of sale or execution issued therein, for the reasons substantially: (1), because the execution is premature; (2), because of the pendency of his motion for a new trial, and (3), because of alleged defects in the execution of the writ of attachment.

The first two grounds of the defendant's motions are practically the same, and are based upon the contention that the actions, in consequence of his motions for new trial, are still pending and undisposed of, and there has been no final determination of the rights of the parties to the actions.

Much discussion was made at the hearing of the motions for the stay as to whether motions for a new trial were either necessary or proper under the findings and form of the judgments entered by Judge Smith. But in the view that I take of the matter, I do not think that a decision upon that question is necessary to the case at all.

Where motions for new trials are involved, there is a distinction made by the authorities as to what is a final judgment or order, between causes prosecuted in courts of appeal or error, and causes presented for review in the trial court. When a motion for a new trial is necessary, and such a motion is made, the pendency of that motion in the trial court retains the cause there, and prevents, or rather suspends, the finality of the judgment until the motion is disposed of, so far as an appellate court is concerned; in other words the judgment may be final in its form, but it will not be

final in effect until the motion for new trial is passed upon; the disposition of the motion is a condition precedent to the jurisdiction of the appellate court. N. Y. R. Co. v. Doane, 105 Ind., 92, and Brown v. Evans, 18 Fed. R., 56. the latter being an interesting case on this question.

As to judgments pending in a trial court for review there on a motion for a new trial, the trend of American authority seems to be against any *per se* suspension of the judgment, or of its enforcement, by reason of the motion for a new trial. It is true that at common law a motion for a new trial did suspend the final judgment, but that was because of intricacies of practice which cannot be detailed here. But in the American states the whole subject of judgments, new trials and executions is regulated by statute, and the best considered cases hold that where the statutes place no limitation whatever upon the right to execution, or process of that nature, the party in whose favor the judgment is entered is entitled to his execution immediately, and he can not be deprived of or delayed in his right by any mere act of the opposite party. The reason of the rule is, were it otherwise, it would "lead to a gross abuse of the right to move for a new trial." "A motion for a new trial could be made subservient to the dishonest purposes of the moving party, and all the benefits and fruits of the judgment might be lost to the other side." The People v. Loucks, 28 Cal., 69; Church v. Goodin, 22 Kans., 527; Eaton v. Caldwell, 3 Minn., 134; Parr v. Van Horne, 40 Ill., 122.

The only authority that I have been able to find which adheres to the common law rule is Turner v. Booker, 2 Dana (Ky.), 334, which is interesting in its explanation of the old practice. And in Illinois, the courts seem to distinguish between trials on the merits, and defaults, and in the latter class of cases to hold the judgment suspended. See People v. Gary, 105 Ill., 264, and Hearsine v. Grandine, 87 Ill., 115, which, however, do not pretend to disturb the ruling in Parr v. Van Horne, *supra*. On the whole, I think the weight of reason and authority is in favor of the non-suspension of the judgment.

As to the objections made to the execution of the writ of attachment in omitting to schedule and appraise the personal property, it is sufficient to say that the omission was made by the order and with the consent of the defendant. It was a provision intended for the protection and benefit of the defendant, which, had it been wilfully or negligently overlooked, might have been used by him to set aside the levy of the attachment, but which also he could waive, and that he did waive it in this case there is no denial. Root v. R. R. Co., 45 Ohio St., 228,

and cases cited. There are no rights of other creditors involved under these attachments. and, if there were, it would not lie with the defendant to set up the objection if the creditors did not wish to do so themselves.

Coming back to the judgment, while it is my opinion that its enforcement can not be delayed by any act of the defendant, still it is not to be denied that there is an inherent power in the court to temporarily stay an execution or an order of sale, and that the power is exercised by courts in an almost infinite variety of circumstances to the end that justice may be administered. Thompson on Trials, section 2730; Freeman on Executions, section 32.

But I do not think that the power ought to be exercised in behalf of the defendant in these cases. One branch of these cases was tried before myself, in which was disclosed all of the main points of the defendant's defense, and as I understand the results now, Judge Smith and myself agree as to the invalidity of that defense. Again, the personal property attached has been for a long time in the possession of a custodian of the sheriff, with heavy weekly charges accruing against it, all of which necessarily come out of the proceeds of sale thereof, thus depreciating the value of plaintiff's security. And then the defendant allowed his motion for a new trial to lie three weeks before attempting to assert it and as it is necessarily mainly directed to the weight of the evidence on which two judges have carefully passed, I don't think that there is that reasonable doubt in the conclusions or judgments of the trial court which would warrant me, against the objection of plaintiff, in postponing his enforcement of said judgments.

Motion denied.

A. J. Cunningham, for the motions.
Otto Pfleger, for the plaintiff.