### HOLLIDAY v. WRIGHT.

1. CORPORATIONS—SUBSCRIPTION TO STOCK—TIME AS ESSENCE OF CONTRACT.

    Time is not of the essence of a contract of subscription for stock of a corporation, unless made so by the terms of the subscription.

2. SAME—WAIVER.

    If time was made of the essence of a contract of subscription for stock of a corporation, acceptance of payment of the full amount after a delay would constitute a waiver.

3. SAME—DELAY IN PAYMENT OF ASSESSMENTS—DAMAGES.

    A stockholder of a corporation cannot recover damages of a subscriber to the stock of the corporation for his delay in paying assessments, as the damage, if any, is suffered by the corporation.

Error to Wayne; Hosmer, J. Submitted October 9, 1903. (Docket No. 35.) Decided October 27, 1903.

*Assumpsit* by William P. Holliday against Charles Wright for the breach of a contract to repurchase certain corporate stock. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

Defendant was the owner of certain trade-marks, copyrights, and good will of the business of the sale of certain dentifrice articles, and sought to organize a corporation for the purpose of manufacturing and selling such articles on a large scale, and building up a business by means of extensive advertising. Accordingly, on January 9, 1900, a subscription list for the stock was opened; the company to be styled "The Charles Wright Chemical Company," with a capital of $150,000. Several parties subscribed for the stock. Plaintiff was requested by the defendant to subscribe, and did so, on April 2, 1900, under the following agreement:

That, whereas, the Charles Wright Chemical Company was to be organized for the prosecution of a dentifrice business, with capital stock of $150,000; defendant to receive $100,000 thereof for trade-marks, copy-rights, and good will, the remaining $50,000 to be sold at par, defendant to transfer to each purchaser an equal amount of the stock to be issued to him for the trade-marks, etc.:

"Therefore, it is mutually agreed between the parties hereto that, in consideration of the subscription of $5,000 cash to be paid by said party of the second part [plaintiff] to said Charles Wright Chemical Company for stock therein to said amount, the said party of the first part [defendant], on payment by said second party of his subscription which he hereby agrees to make to said capital stock of said proposed Charles Wright Chemical Company, said party of the first part agrees to transfer to said second party $7,000 worth of the stock of said Charles Wright Chemical Company which he is to receive in payment for said trade-marks, copyrights, and good will. Said $2,000 of extra stock of said Charles Wright Chemical Company is to be transferred to said second party in consideration

of said second party's present relations to said Charles Wright Company business.

"It is also mutually agreed that within one year after the organization of said Charles Wright Chemical Company, and issuance of said $12,000 worth of stock therein to said second party, and payment therefor by the latter of the $5,000 subscription aforesaid, said second party shall have the option to surrender said $12,000 worth of stock to said first party, who, within six months from notice of said election, shall repay to said second party the amount paid therefor, to wit, $5,000."

Defendant, upon execution of the contract, transferred to plaintiff 500 shares of stock in the Charles Wright Chemical Company, as security for the performance of the contract on his part.

The contract of subscription was as follows:

"The undersigned desire to form a corporation to be organized under the manufacturing and incorporation laws, being Act 232 of the Public Acts of Michigan of 1885, as amended, with a capital stock of $150,000, to be called the Charles Wright Chemical Company, for the purpose of carrying on in Detroit and elsewhere the business of manufacturing and dealing in dentifrices, and to that end hereby agree, each in consideration of the agreements of the others, to join in the organization, and to subscribe for and take stock in such a corporation to the amounts, par value, set after our respective names. All details of said organization, other than the foregoing, may be determined by a majority in interest of the signers hereof."

The articles of association were executed April 18th, plaintiff being one of those who executed and acknowledged them. On the same date a stockholders' meeting was held, and plaintiff was elected a director. The directors were authorized to call in the subscriptions as the amounts should be needed. On April 20th the directors made a call for 25 per cent. Plaintiff did not pay, but on June 11th following wrote defendant that he would take advantage of the above agreement between them, and advising that he get some one to take his place. Other correspondence passed between them, plaintiff apparently being under the impression that he could take advantage

of the agreement without the payments therein provided. The corporation brought suit against the plaintiff for the assessments made upon his stock. He then paid the full amount, with interest and costs of suit, and defendant transferred to him the other stock provided in the contract. Before the expiration of the year, plaintiff tendered back his stock and demanded repayment of the $5,000, in accordance with the agreement. Defendant refused to pay, and thereupon plaintiff instituted this suit. At the close of the testimony, the court, at the request of the plaintiff, directed a verdict in his favor for the full amount and interest.

*George W. Radford*, for appellant.

*Barbour, Rexford & Field*, for appellee.

GRANT, J. *(after stating the facts)*. The defense is that time was of the essence of the contract between plaintiff and defendant; that plaintiff did not comply with his contract in paying for his stock as the assessments were made, and cannot, therefore, maintain suit.

The corporation had no interest in the contract between plaintiff and defendant. In contracts of subscription for the stock of corporations, time is not of the essence thereof, unless it is expressly provided or necessarily implied. If, however, time was of the essence of this contract, the corporation waived that feature of it by accepting payment of the full amount after the delay. *Malone* v. *Gates*, 87 Mich. 332 (49 N. W. 638); *Foster* v. *Worthington*, 58 Vt. 65 (4 Atl. 565); *Nibbe* v. *Brauhn*, 24 Ill. 268; *Phillips, etc., Construction Co.* v. *Seymour*, 91 U. S. 646.

If any damages accrued by plaintiff's failure to comply with his subscription contract, the corporation alone suffered them. Individually, the defendant was not injured thereby, but only in the capacity of a stockholder, if injured at all.

The court was correct in directing a verdict, and the judgment is affirmed.

The other Justices concurred.