ROBERT GRIER

*v.*

SABIN D. PUTERBAUGH.

*Filed at Ottawa January 23, 1884.*

1. DESCRIPTION *of lot, by locality.* A defendant gave his written agreement to the plaintiff to pay him $3000 if a contemplated government building was located "on the corner of Main and Monroe streets, in Peoria, known as the 'Post-office Corner,'" when the title to the ground was conveyed to the United States: *Held,* that the description of the location was sufficiently definite, and that on proof that such building was located at the place or locality named, and the ground conveyed, the plaintiff was entitled to recover.

2. CONSIDERATION OF CONTRACT—*how ascertained.* In a suit on a written contract for the payment of money on a certain condition expressed, when the consideration is put in issue and denied, the jury may consider the antecedent propositions in reference to the contract, as well as the circumstances at the time it was entered into, to ascertain what was the real consideration, and the property named in the contract.

3. FRAUD—*false representations.* To render a contract void for false representations, they must not only be untrue when made, but they must be known to be so by the person making them, and they must be such as an ordinarily prudent man would rely on as true.

4. INSTRUCTION—*may describe property as in contract.* Where a contract for the payment of money upon the conveyance of certain real estate to the United States for a public building, described the property as "on the corner of Main and Monroe streets, in Peoria, known as the present 'Post-office Corner:'" *Held,* no error to use the same description in an instruction,

the locality being well known and easily proved. For the purpose of a trial of a suit to recover the money, the description was sufficient.

5. ERROR *will not always reverse.* Where an error does not injure, or is not calculated to injure, the party complaining, it will not be any ground for a reversal.

6. SAME—*giving improper instructions.* Although an instruction given may have no foundation in the pleadings or in the evidence, it will be no ground of reversal, unless this court can see that it misled the jury, or was calculated to mislead them, to the prejudice of the party complaining.

7. An *irrelevant instruction is not necessarily calculated to mislead,* and when it does not appear that it was calculated to mislead or injure, although if erroneous, the error will be harmless, and no ground for a reversal.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. DAVID McCULLOCH, Judge, presiding.

This was an action of assumpsit, brought by Sabin D. Puterbaugh, against Robert C. Grier, upon an instrument in writing, of which the following is a copy:

"PEORIA, ILL., *June 15, 1882.*

"Whereas, an effort is being made by S. D. Puterbaugh to procure the location of the public building of the United States on the corner of Main and Monroe streets, in Peoria, known as the present 'Post-office Corner;' and whereas, said Puterbaugh will be put to trouble and expense in said matter; and whereas, said location would be of great pecuniary benefit to me in increasing the value of my real estate on Main street: Therefore, in consideration of the premises, if said government building is located as above mentioned, I promise to pay to said S. D. Puterbaugh or order the sum of three thousand dollars ($3000), payable only when the purchase of said property is completed and the title conveyed to the United States.                          R. C. GRIER."

The corner of Main and Monroe streets was occupied by a post-office building sixty-five by ninety-five feet deep, and was owned by Higgins & Furber, of Chicago. Immediately

joining this, Puterbaugh owned one hundred and six feet on said Main street, ninety-five feet deep, and Bernard Cremer owned forty-nine feet on Monroe street by one hundred and seventy-one feet deep, in the rear of the other two tracts, the whole being two lots containing one hundred and seventy-one feet on Main street, adjoining an eighteen foot alley, by one hundred and forty-four in depth on Monroe street. To secure the selection of this site, the appellee procured the ground held by Higgins & Furber, and obtained from Cremer an agreement for his ground, a part of which was necessary for the site, and on the last day for receiving bids offered the amount of ground required by the government for $37,000, which offer was accepted and the purchase completed by the execution of a deed to the United States, and the payment of the purchase money. It was claimed that appellant signed the instrument without having read the same, and that it did not state the contract truly, and also that it was obtained by false and fraudulent representations.

Messrs. JACK & MOORE, for the appellant.

Mr. JOHN M. NIEHAUS, and Mr. LESLIE D. PUTERBAUGH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the Peoria circuit court, against appellant, to recover on a written agreement. Defendant filed the plea of the general issue, and a notice that he would give special matters in evidence under it. The special defences relied on are, that the plaintiff had not performed his part of the contract; that the plaintiff was put to no trouble or expense, beyond what he would have incurred to sell his own property; that the agreement was obtained by fraud and circumvention; that plaintiff, in executing his part of the agreement, was representing not

only himself, but others, all of whom agreed to contribute towards raising the $3000 to be paid by defendant, on condition that all of certain property should be conveyed to the United States, but all of it was not so conveyed, and the consideration had failed; that other parties who agreed to contribute refused to pay anything towards the $3000; that plaintiff had falsely represented, that to induce the persons authorized to select the site for the public building, he would have to put in property he held and would purchase, worth $40,000, at $37,000, and defendant agreed, in such event, to pay plaintiff $3000; but plaintiff did not put in all of the property named, but retained a part thereof worth $3000, and plaintiff, instead of losing, made a profit of that sum. A trial was had by the court and a jury, and the issues were found for the plaintiff, and after overruling a motion for a new trial, judgment was rendered in favor of plaintiff for $3000 and costs. Defendant appealed to the Appellate Court for the Second District, where, on a trial, the judgment of the circuit court was affirmed, and he brings the record to this court, and assigns errors.

As the Appellate Court has settled the facts, we are, under the statute, precluded from looking into the evidence to determine whether the jury and the Appellate Court have found them correctly. We must, therefore, confine ourselves to the questions of law raised by the assignment of errors.

The instructions given for plaintiff below are criticised, and it is claimed that the court erred in refusing and modifying a portion of defendant's instructions. It is urged that the court erred in the first of appellee's instructions by giving a construction to the contract. It is claimed that the description of the property to be conveyed, in the agreement, was too indefinite to authorize the instruction. The property described in the contract is "on the corner of Main and Monroe streets, in Peoria, known as the present 'Post-office Corner.'" The court uses the same description in the instruc-

tion, and we perceive no error in the court using that description. The locality was well known and easily proved. It is true that neither the contract nor instruction gives a minute description, by metes and bounds, or numbers, but for the purposes of the trial that was unnecessary. The general description of the locality was all that was required, because appellant, in his agreement, had fixed its location by that description. When, therefore, appellee proved that the building was located at the place named in the contract, he fulfilled the requirement of the agreement as to the location. It was the province of the court, and not the jury, to construe the contract.

It is claimed that the third of appellee's instructions is erroneous, and should not have been given. On examination we do not perceive that it is not reasonably accurate. But if it was not, when considered with the other instructions given, we fail to see that it could have misled the jury.

Appellant contends, that although a correct abstract legal proposition, the fourth of appellee's instructions was calculated to confuse and mislead the jury. It informs them that all antecedent propositions in reference to the contract were merged in the contract, and must be disregarded, so as not to vary or change the contract specified in the written agreement, but that the jury might consider them and the circumstances when the agreement was entered into, to ascertain what was the real consideration of the contract, and the property named therein. Although not the language of the instruction, this is its substance. We fail to see that it could have misled the jury. One of the issues being tried was the want of consideration, and with reference to that issue the instruction was proper.

It is objected that the fifth instruction given for appellee is erroneous, and should not have been given. It is this:

"As regards the defence set up in this case that the contract sued on was obtained from the defendant by false and

fraudulent representations, the court instructs the jury that to defeat a recovery on that ground, the jury must believe, from the evidence, that the alleged representations were made as charged, and that they were false when made, and that the plaintiff knew them to be false,—that they were such as a man of ordinary prudence would be likely to rely upon, and that the defendant did rely upon the truth of them, and was induced thereby to execute the contract in question."

We are unable to perceive any objection to this instruction. To render the contract void for false representations they must be untrue when made, and they must be known to be so by the person making them, and they must be such as an ordinarily prudent man would rely on as true. It may be that when the person is not of ordinary intelligence and prudence, a lower test would be required; but that is not too high a test in this case, as appellant is a business man of more than ordinary intelligence. So the instruction could have done no harm.

It is claimed that the seventh of appellee's instructions is erroneous, and should not have been given. It is said there is no foundation for it in the declaration, and that there was no evidence upon which to base it. This may all be true, and still we should not reverse unless we can see that it misled, or was in its tendency calculated to mislead, the jury, to appellant's prejudice. We fail to see that it could have had that effect. Nor has appellant pointed out how it could have had that effect. We are of opinion that this instruction worked no injury.

We are unable to see that the giving of the ninth and tenth instructions worked any harm, or could have done so. In the case of *Stout* v. *McAdams*, 2 Scam. 67, referred to as condemning these instructions, it is said that some of the instructions given were entirely irrelevant and inapplicable to the case on trial, and should not have been given, as they were calculated to mislead the jury. The instructions thus

condemned are not given in the case as reported, but it will be observed that the court held them not only irrelevant, but calculated to mislead. It is not true that an instruction, because it is irrelevant, is necessarily calculated to mislead. Nor is it true that the court will reverse for every error that may have been committed. If the error does not injure, or is not calculated to injure, the party complaining, it will not be ground for reversal. These instructions are of that character.

Complaint is made that the court erred in refusing to give appellant's refused instruction. The first of appellant's, as given, we think, fully covers the legal proposition contained in his refused instruction. It states that to render a contract binding the minds of the parties must meet on all the material acts to be done. His first instruction given states that if appellee can recover, it must appear, by a fair preponderance of the evidence, that appellee had deeded to the United States the property, and all the property, contemplated, understood and agreed upon by the parties at the time the contract was signed. Now, under this instruction, if the minds of the parties had not met as to what property or the quantity to be conveyed, then it could not have been understood, and if not understood, the jury was informed there could be no recovery. If the parties did not understand what was the quantity to be conveyed, then their minds did not meet and were not in accord. We are therefore of opinion that the court did not err in refusing to give this instruction.

We perceive no error in modifying appellant's eighth instruction before it was given.

A careful consideration of all the instructions in the case, we think, shows the law of the case was fairly given to the jury. We perceive no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*