ANDREW PORTONES

*v.*

JOSEPH BADENOCH, Jr. *et al.*

*Filed at Ottawa March 21, 1890.*

| | |
|---|---|
| 132 | 377 |
| 44a | 305 |
| 132 | 377 |
| 50a | 468 |
| 132 | 377 |
| 64a | 185 |
| 132 | 377 |
| 83a | 296 |
| 132 | 377 |
| 184 | 205 |
| 132 | 377 |
| 89a | ³487 |
| 132 | 377 |
| d90a | ³324 |

1. MECHANIC'S LIEN—*implied contract—materials furnished.* Where one, under an implied contract with the owner of real estate, and at his request, furnishes materials for the erection of buildings, and such materials are put into the buildings, and all of such materials are furnished within the year named in section 3 of the Lien law, the party so furnishing will be entitled to a lien on the land upon which the buildings are erected.

2. SAME—*materials for several buildings—upon different lots of ground—lien upon a particular lot.* The fact that a large quantity of building materials is sold to a contractor, to be used in some five or six different buildings on different lots, will not prevent the enforcement of the lien given by statute as to a particular house and lot, where it is shown that the account for the materials for such house was kept separate and distinct from the materials for the other houses.

3. PARTIES—*omission of party—prior incumbrancer—in mechanic's lien proceedings—who may complain.* Where a decree to enforce a mechanic's lien orders the premises to be sold, subject to a deed of trust thereon, the failure to make the holder of the note secured by the trust deed a party to the suit, is not such an error, if any, as can avail the owner of the property ordered to be sold. It is not an error of which the defendant can complain.

4. SAME—*want of parties—how availed of.* Where a bill for a mechanic's lien seeks a sale of the property subject to a prior incumbrance, without making the holder of the debt secured thereby, a party, the defendant, if he thinks the incumbrancer a necessary party, should demur to the bill, stating this as a ground of demurrer.

5. A demurrer, for the want of a proper party, must show on its face that specific ground of demurrer. Claiming in an answer, in a general way, the advantages of a demurrer, will not present the question of the want of a proper party.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. DAVID L. ZOOK, and Mr. WILLIAM C. WILSON, for the appellant.

Messrs. THORNTON & CHANCELLOR, for the appellees.

Per CURIAM: Henry Holmes and Elliott W. Sprool, composing the firm of Holmes & Sprool, filed, in 1884, in the Superior Court of Cook county, a petition for the enforcement of a mechanic's lien against certain property in the town of Lake, in Cook county. The lien claimed was for work done and materials furnished by them, as plasterers, for two houses owned by the appellant, Andrew Portones, and one Albert White, composing the firm of White & Portones, contractors and builders. An intervening petition was filed by the appellees, Joseph Badenoch, Jr., and J. J. Badenoch, composing the firm of J. Badenoch, Jr. & Co., lumber dealers, to enforce a lien for lumber furnished. An intervening petition was also filed by William Johnston, a plumber, to enforce a lien for plumbing done in the houses, and for plumbing material furnished therefor. Answers were filed to these petitions, and such proceedings had as that a decree was entered giving to Holmes & Sprool, Badenoch & Co. and William Johnston, respectively, liens on the premises, and directing a sale thereof. From this decree the defendant Portones took an appeal to the Appellate Court for the First District, where the decree of the Superior Court was in all things affirmed. The present appeal from the Appellate Court is only from that part of the decree which is in favor of Joseph Badenoch, Jr., and J. J. Badenoch, and consequently the decrees in favor of Holmes & Sprool, and in favor of William Johnston, are not before us for examination.

We see no reason why J. Badenoch, Jr. & Co. are not entitled to the lien asked for in their intervening petition. Under an implied contract with the owners of the property, they furnished the materials for which they seek to be paid, within the

one year named in section 3 of the Lien law. Such materials went into buildings upon lands belonging to the defendants, and were furnished for that purpose at the request of the defendants. (*Corey* v. *Croskey*, 57 Ill. 251; *Artesian Well Co.* v. *Corey*, 60 id. 73.) It is true that J. Badenoch Jr. & Co. had a large account, amounting to some $6000, with the defendants, for lumber furnished for the houses in controversy in this suit, and for other houses not in controversy. But the proof is, that the account was kept in such a way as to show what lumber was used upon the land described in the intervening petition of appellees, and what was used upon other lands.

The petitions aver, and the answers admit, that there was a trust deed upon the land to one Chandler. Chandler, the trustee, was made a party defendant, and answered, but the *cestui que trust*, or holder of the note, was not made a party. The failure to make the *cestui que trust* a party is complained of by appellant. In this regard no error was committed in the court below. The holder of the note is not prejudiced by the decree, because the property is ordered to be sold subject to his incumbrance. The sale is to be made, not for the purpose of making the amount due upon the trust deed, but the amounts due the petitioners. The purchaser, under the decree rendered in this case, will buy the land subject to the lien of the trust deed. It is not perceived how the rights of appellant are prejudiced in any way by the fact that the holder of the note is not a party to the proceeding. Appellant can only urge such errors as affect his interests. (*Grier* v. *Puterbaugh*, 108 Ill. 602; *Worden* v. *Crist*, 106 id. 326.) If this was a controversy between the petitioners for mechanics' liens and the holder of the incumbrance, then the *cestui que trust* would be a necessary party. But here, none of the petitioners make any objection to the subordination of their liens to the lien of the trust deed. Moreover, the appellant did not demur to the petition of appellees in such a way as to point out the objection insisted upon, and so as to enable them to amend by making

the holder of the note a party.   Story's Eq. Pl. (9th ed.) sec.
543.   A demurrer for the want of a proper party must show,
on its face, that the cause of demurrer is the want of a proper
party.  (Id. sec. 238.)   The answers of the defendant Portones
merely claimed in a general way the advantages of a demurrer.

The decree of the Superior Court, so far as it had reference
to the intervening petition of appellees, was correct, and the
judgment of the Appellate Court in respect thereto is affirmed.

*Judgment affirmed.*