## Forrest E. Marsh, Austin Clement and Sarah M. Clement v. Mary J. Wells.

1. **Equity Practice—***Demurrer for the Want of Necessary Parties.* —To take advantage of the fact that the Circuit Court erred in not requiring appellee to make the heirs-at-law, the executor and the executrix of the deceased, parties to the suit, the demurrer must show who are the necessary parties, from the facts stated in the bill; not indeed by name, for that might be impossible; but in such a manner as to point out to the plaintiff the objection to his bill and to enable him to amend by making proper parties.

2. **Demurrer—***For Want of Proper Parties—What it Must Show.*— A demurrer for the want of a proper party must show on its face that the cause of demurrer is the want of a proper party.

3. **Notes and Mortgages—***Personal Assets—Heirs Not Proper Parties to the Bill for Foreclosure.*—Notes and mortgages have come to be regarded as mere personal assets; they pass to the legal representative of the mortgagee, and his heirs are not necessary or proper parties to a bill to foreclose.

4. **Mortgages—***Legal and Equitable Remedies.*— At law the owner of the legal title must sue, but in equity the party in whom is the beneficial interest must sue in his own name.

**Foreclosure Proceedings.**—Appeal from the Circuit Court of Lake County; the Hon. Charles H. Donnelly, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed June 8, 1900.

Johnson & Morrill, attorneys for appellants.

Woodle & Arnold, attorneys for appellee; Wm. F. Arnold, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of
the court.

This appeal seeks to review a decree entered in the Cir-
cuit Court of Lake County, November 9 1899, in foreclos-
ure proceedings instituted by appellee against appellants.

The bill of complaint in the case, as amended, represented
that on March 1, 1884, Edwin Haskin and wife executed
their four certain promissory notes for the sum in the
aggregate of $8,000, payable to the order of Henry M.
Wells, with interest payable annually at the rate of six per
cent per annum; that to secure the payment of said notes
said Haskin and wife executed a mortgage upon certain
premises in Lake county, which was duly acknowledged
and recorded; that two of said notes, amounting to $2,000,
have been paid, and the two others, amounting to $6,000,
are due and unpaid; that said Henry M. Wells died after,
said mortgage was given, leaving a will, of which he made
James Wells and Mary J. Wells executor and executrix;
that said will was duly probated and said James and Mary
J. Wells undertook the executorship thereof; that after-
ward said executor and executrix " for a valuable considera-
tion and by virtue of the authority in them vested, duly
transferred, assigned and set over to complainant the said
notes and mortgage, by their certain instrument under seal,
dated March 12, 1895, which assignment was on the day of its
date duly acknowledged, and afterward, on March 21, 1895,
recorded in the office of the recorder of Lake county, in
book 110 of mortgages, page 105, which said assignment
was made to vest in complainant the title to said notes and
mortgage, which in fact were delivered to your oratrix,
and same were her property prior to the death of said
Henry M. Wells; that said two notes of $3,000 each are
unpaid and that she is the legal owner and holder of said
two notes and mortgage; " that Haskin and wife afterward
conveyed their equity in said premises to another person,
subject to said mortgage, and such person afterward con-
veyed to appellant Austin Clement, it being provided by
the instrument of conveyance to the latter, that he was to

pay said notes and mortgage; that Mary F. Haskin, wife of Edwin Haskin, is now dead; that Edwin Haskin, Austin Clement, Sarah M. Clement and Forrest E. Marsh, who are made defendants, have or claim to have some interest in said premises. These allegations in the bill are followed by the usual prayer for an accounting and foreclosure.

Defendant Edwin Haskin was defaulted, but the other defendants, who are the appellants here, filed a general and special demurrer, in which it was alleged, among other grounds of demurrer, that complainant had not, by her bill of complaint as amended, shown that she was the owner of said notes and mortgage, and that she was entitled to maintain the suit to foreclose the mortgage; also that no authority was shown for the action of the executors in making the assignment of the notes and mortgage in question. The demurrer was overruled and appellants elected to stand by it. The proofs having been taken before the master in chancery, the report of the latter was duly approved by the court and a decree for the foreclosure of the mortgage to pay the sum of $7,137 found to be due to complainant, was accordingly entered.

Appellants urge that the Circuit Court erred in not requiring appellee to make the heirs at law and the executor and executrix of Henry M. Wells, deceased, parties to the suit, on the ground that the owners of the legal title to the mortgaged premises and the owners of the legal title to the notes in question were necessary parties.

The demurrer to the bill was both general and special, but it nowhere sets up the want of necessary parties. It is said by Story in his work on Equity Pleading (9th Ed.), Sec. 543, that to take advantage of such a defect, the demurrer must "show who are the necessary parties, from the facts stated in the bill, not indeed by name, for that might be impossible; but in such a manner as to point out to the plaintiff the objection to his bill and to enable him to amend by making proper parties." In Portones v. Badenoch, 132 Ill. 377, it is said, "a demurrer for the want of a proper party must show, on its face, that the cause of demurrer is the want of a proper party."

There was nothing in the demurrer in this case to notify appellee that there was any objection to her bill for want of proper parties, and consequently that ground of objection could not in any event be taken advantage of now. We are of opinion, however, that even if the question were properly before us for consideration, the objection must be held to be not well taken. The notes and mortgage were personal property and did not belong to the heirs or legatees, but to the executors, and therefore the heirs were not necessary parties. This question was settled in the case of Citizens' National Bank v. Dayton, 116 Ill. 257, where it is said:

"What interest, either legal or equitable, have the heirs of a mortgagee in the land itself before a foreclosure of the mortgage or an entry for condition broken? It is thought they have none at all. Both the note and mortgage pass to the administrator as other choses in action, and such administrator may foreclose the mortgage as one mode of enforcing payment of the note. When the mortgagee is dead, the general rule now is, his personal representative is the proper party to bring the bill to foreclose, for the reason the money secured belongs to the personal assets, and draws after it the mortgaged estate as an incident. It may be many of the old cases hold, and so some of the text writers may have stated the doctrine to be, that if the mortgage be in fee, in case of the death of a mortgagee, his heirs are proper parties, either as complainants or as defendants, and the reason for the rule as it then existed was, the heirs alone were competent to reconvey, or otherwise there would be no one to release the trust property in case it was redeemed from the mortgage sale. But no necessity exists, in this State at least, for the adoption of any such rule. A statute of this State (Rev. Stat. 1874, Chap. 95, Sec. 9) provides a mortgage or a trust deed may be released by an instrument in writing, executed by the executor or administrator. Since both the note and mortgage have come to be regarded as mere personal assets, they pass to the legal representative of the mortgagee, and his heirs are not necessary or even proper parties to a bill to foreclose."

Nor do we think it appeared from the bill that the personal representatives were necessary parties to the suit. While the notes in question do not appear to have been

assigned by indorsement on them in writing, yet it is alleged by the bill that they and the mortgage were duly transferred, assigned and set over to appellee by a certain instrument in writing, under seal, which was duly acknowledged and recorded, and that said assignment was made to vest in complainant the title to said notes and mortgage, which had in fact been delivered to appellee and had become her property prior to the death of said Henry M. Wells. By the assignment appellee became the equitable owner of the notes and mortgage, and the personal representative of Henry M. Wells, deceased, would be estopped, after having made the assignment to her, from thereafter claiming any interest whatsoever in them.

The assignment of the mortgage to appellee also carried with it the equitable right to foreclose it for the amount due on the notes, of which appellee was the equitable owner and holder. In law the title to the notes was in the executors, and a suit in law to collect the notes would have to be brought in their names, but in equity the title is in appellee, and she can bring her suit in a court of equity in her own name to enforce her rights. Iglehart v. Bierce, 36 Ill. 133.

In Press v. Woodley, 160 Ill. 433, it is said:

"It is a familiar doctrine that at law the owner of the legal title must sue, while in equity the party in whom is the beneficial interest, must sue in his own name."

We are therefore of opinion that the court below properly sustained the demurrer to the amended bill, and the decree is accordingly affirmed.