## Robert Bruce Watson et al., Appellants, v. H. J. Bardwell et al., Appellees.

### Gen. No. 5323.

1. PLEADING—*how non-joinder raised in equity.* The non-joinder of a necessary party may be raised in equity by general demurrer but the non-joinder of a proper but not a necessary party must be raised by special demurrer. The non-joinder of a necessary party may even be raised by motion made at the hearing.

2. MECHANIC'S LIENS—*who not necessary party.* The administrator of the owner who made the contract upon which the claim

for lien is predicated is not a necessary party to a bill for a mechanic's lien where a deficiency decree is not sought.

Mechanic's lien. Appeal from the Circuit Court of Lake county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed May 18, 1910.

**Statement by the Court.** In a suit brought by appellants to establish and enforce a mechanic's lien, a second amended bill was filed and answered by the various parties in interest after general demurrers had been overruled, and the cause was referred to a master who filed his report. The cause was being heard upon exceptions thereto, when certain defendants who were parties in interest moved to dismiss the bill because the administrator of the owner, who had died after the contract was made and before the suit was brought, had not been made a party defendant. The court indicated that the motion would be granted. Thereupon appellants by leave of court amended their second amended bill so as to make said administrator a party defendant. Several defendants without withdrawing their answers demurred to the bill as amended and the administrator also demurred; thereupon said demurrers were sustained and the bill dismissed. The decree states that the sole ground upon which the demurrers were sustained is that the administrator was a necessary party to the bill for a mechanic's lien and that he had not been made a party to the suit within the time limited by law for bringing a suit to enforce a mechanic's lien. Complainants below appeal.

ROGERS & MAHONEY and CHILTON P. WILSON, for appellants.

UNDERWOOD & SMYSER, CHARLES R. YOUNG and COOKE, POPE & POPE, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The only question for our consideration is whether in a suit to foreclose a mechanic's lien the administrator of the owner who made the contract is a necessary party to the suit. Section 10 of the Mechanic's Lien Law of 1903 provides: ''Suits may be instituted under the provisions of this act in favor of administrators or executors, and may be maintained against the representatives in the interest of those against whom the cause of action accrued, and in suits instituted under the provisions of this act, the representatives of any party who may die pending the suit shall be made parties.'' Section 11 defines who are parties in interest or may become parties to the suit, and the requisites of a bill or petition. This section provides: ''* * * The complainant or petitioner shall make all parties interested, or of whose interest he is notified or has knowledge, parties defendant. * * * The parties in interest within the meaning of this act shall include all persons entitled to liens thereunder whose claims are not, as well as are, due at the time of the commencement of suit, and such claims shall be allowed subject to a reduction of interest from the date of judgment to the time the claim is due; also all persons who may have any legal or equitable claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions thereof, or who are interested in the subject-matter of the suit.'' In matters of this kind the administrator is a proper party, but proper parties are not always necessary parties. The demurrer was general. The rule is that a demurrer for a non-joinder of a proper but not a necessary party should be special, and show that the ground of demurrer is the want of a proper party. Portones v. Badenoch, 132 Ill. 377. It was immaterial to the interests of the other parties whether the administrator was or was not a party to the suit. If the administrator had been a necessary or indispensable party then the objection that he was not a party could be raised by motion at

the hearing. Knopf, County Clerk, v. Chicago Real Estate Board, 173 Ill. 196; Allen v. Woodruff, 96 Ill. 11; Larson v. Glos, 235 Ill. 584. The object of the bill and the prayer was to procure a lien against the real estate and secure the same for whatever might be due the contractors. The land on the death of the ancestor passed to the heirs at law. The administrator took no title to the land or any interest therein. Appellants could not have a deficiency decree except against the estate of the deceased, and if they wanted that the administrator would be a necessary party, but they have not prayed for a deficiency decree. All that is prayed for is a lien upon the premises. This proceeding is analogous to the foreclosure of a mortgage upon real estate. An administrator is not a necessary party to a bill of foreclosure which seeks nothing but a foreclosure and does not seek to charge the administrator or the personal estate in his hands. Roberts v. Tunnell, 165 Ill. 631; Wellman Exec. v. Miner, 179 Ill. 326. There was no error in sustaining the demurrer of the administrator as no relief was sought or could then be had against him as such administrator. The administrator however not being a necessary party it was error to sustain the demurrers of H. J. Bardwell, Hiram H. Rose and the Life Insurance Company of Virginia. For the error in sustaining such demurrers the decree is reversed and the cause remanded, at the costs of all the appellees except H. J. Bardwell, administrator.

*Reversed and remanded.*